[No. 5456.]

## THE SOUTHERN PACIFIC R. R. CO. *v.* J. W. RAY-MOND ET AL.

RAILROAD APPENDAGES — LAND FOR RAILROAD WORKSHOPS.— Whether workshops for repairing and safely keeping the cars and locomotives of a railroad are necessary appendages to a railroad, and whether land sought to be condemned as a site for such workshops is really needed for that purpose, are questions of fact on which issues may be joined, to be decided at the trial.

APPEAL from the District Court of the Fourth Judicial District, San Francisco.

The defendants demurred, and the demurrer having been sustained, the plaintiff appealed. The facts are stated in the opinion.

*S. W. Sanderson,* for Appellant.

The statutes of this State authorize the compulsory taking of lands for the use stated in the complaint.

The Code of Civil Procedure declares for what specific purposes or uses the power of eminent domain may be exercised, among which are "steam railroads." (Sec. 1238, subd. 4.) In addition to the specific uses mentioned in said section, it further declares that said power may be exercised in behalf of "all other public uses authorized by the Legislature of this State." (Sec. 1238, subd. 2.) The word "railroads," used in the fifth subdivision of said section, includes all the usual and necessary appendages of a railroad, such as depots, yards, water-stations, repair-shops, engine and car sheds or houses, turn-tables, and

the like.   But if not, then the mooted question finds its answer
under the general provision above quoted, found in subdivision
2 of said section, if the Legislature has elsewhere declared that
this power may be exercised for the uses stated in the com-
plaint, which it has done.

The statute under which the plaintiff was incorporated, among
other matters, provides as follows: " Such company is also
authorized to acquire, purchase, and hold any real estate
      *       *       *       which may be necessary or proper, for the
purpose of the construction or maintenance of the track or
tracks, water-stations, depots, machine  or  workshops, turn-
tables, or any other building or structure, necessary for such
railroad."   (Statutes 1861, sec. 22, p. 618.)

Section 23 of the same act, as amended in 1863, provides:
" Such company may acquire any real estate       *       *       *
necessary for the purposes of said company, as hereinbefore
provided, by means of the special proceedings prescribed in
this act."

*McAllisters & Bergin,* also for Appellant.

*H. H. Haight, Burch & Griffith, John T. Doyle,* and *E. A.
Lawrence,* for Respondents.

The taking for the purposes thus specified is not authorized
by any law in existence in this State.

Subd. 4 of sec. 1238, Code of Civil Procedure, is the only
statute authorizing the taking of private property for the use
of railroads, and the purposes set out in the complaint are not
there enumerated.

Subd. 4 of sec. 465 of the Civil Code limits the real prop-
erty authorized to be condemned for all the purposes of a rail-
road to "nine rods wide," and beyond that no railroad corpo-
ration can go.   The language of this subdivision, "with such
appendages and adjuncts as may be necessary for the convenient
use of the same," cannot be mistaken, and is too clear to re-
quire construction.   The preceding subd. 3, of sec. 465, is
an unmistakable limitation upon the power to acquire and

hold real property for the "construction and maintenance" of the road, and for all "stations, depots, and other purposes necessary to successfully work and conduct the business of the road."

Take these subdivisions, together with the well-defined definition of the word "absolutely," used in the third subdivision, and we find it impossible to torture them into the meaning sought to be attached to them. Subd. 7 of said sec. 465 is simply a reiteration of the right to invoke the power of eminent domain of the State. These provisions of the Code of Civil Procedure and Civil Code embrace all the law of our State in existence on the subject here under consideration. The right sought is not enforced by law.

Subd. 2 of sec. 1238 of the Code of Civil Procedure has no application whatever to the "taking" of lands for the use of railroads, nor, in fact, to any other appropriation of lands than for the use of the State of California itself. It will be observed that said sec. 1238 enumerates all the uses for which the right of "eminent domain" may be exercised. This, by a plain rule, excludes all others not mentioned; and it proceeds to classify these uses, beginning with the purposes of the greater importance, and going down in regular gradation. The first subdivision relates to the "taking" for the use of the United States Government; enumerating some of these uses, and providing for any others for the use of the United States Government for which that Government may, by Congressional enactment, authorize its officers to purchase or condemn land. The second subdivision relates alone to the "taking" for the use of the State, enumerating in like manner some, and providing for any other uses of the State Government, for which that Government may, by Legislative enactment, authorize its officers to purchase or condemn lands. Subd. 3 relates alone to the next class in importance—counties, cities, towns, etc., etc., and all other public uses of such counties, cities, towns, etc., for which the Legislature may authorize the exercise of the right. Subd. 4 relates alone to the public uses therein enumerated, including "railroads"; but the additional authority for such other purposes of a railroad as the Legisla-

ture may authorize is omitted " *ex industria*," as it is from all the remaining subdivisions—5, 6, 7, and 8.

The true reading of subd. 2 is this: " Public buildings and grounds for the use of the State, and all other public uses [of the State] authorized by the Legislature."

We do not say the Codes or this act limit or abridge the power of the Legislature to confer the right of eminent domain, but simply say that there exists·no such right by any law prior or subsequent to the provisions of the Code, for the use of railroad corporations, or for the purposes set out in the complaint.

It is a sufficient answer to the claim of authority under the Acts of 1861, p. 618, sec. 22, and of 1863, p. 613, sec. 23, to condemn lands for the purposes set out in the complaint, to show that those acts, as well as " all laws of this State in relation to the taking of private property for public uses, are abolished; and all proceedings had in the exercise of the powers of eminent domain must conform to the provisions of this title."· (See Code of Civil Procedure, sec. 1258.)   So that the Acts of 1861 and 1863 are repealed expressly, as are all other laws on the subject of this complaint.

Still further, as a matter of fact, all our laws under which the plaintiff was incorporated have been long since superseded or repealed, and the plaintiff is under the provisions of the Codes relating to corporations in every respect, that of freightage and fares (see Civil Code, secs. 489–490) included; the only purpose of sec. 288 of the Civil Code being to preserve the existence of all pre-existing corporations without the necessity of reincorporation.   This may in a proper case be clearly shown, but is not here in question.   Nor do we conceive that the constitutionality of any law is involved in this case; nor is there here raised the question, whether the purposes averred in the complaint to be public uses is one for legislative or judicial determination.

By the COURT:

The plaintiff is a railroad corporation, and seeks in this proceeding to condemn certain ·lands of the defendants, as a ·site whereon " to erect and maintain permanent and suitable build-

ings for work-shops, for repairing the cars and locomotives of plaintiff, and for safely keeping its cars and locomotives." The defendants contest the right of the plaintiff to condemn the land, on the ground that the use to which the land is to be applied is not a public use, within the purview of the statute defining the conditions on which a railroad corporation may invoke the exercise of the right of eminent domain.

Subd. 4 of sec. 1238 of the Code of Civil Procedure, as amended in 1874–5, provides that the right of eminent domain may be exercised in behalf of the following public uses, amongst others, viz: " steam and horse railroads " ; and in defining the powers of railroad corporations, sec. 465 of the Civil Code (subd. 3) provides that the corporation shall have power " to purchase, or by voluntary grants or donations to receive, enter, take possession of, hold, and use, all such real estate and other property as may be absolutely necessary for the construction and maintenance of such railroad, and for all stations, depots, *and other purposes necessary to successfully work and conduct the business of the road.*" Subd. 7 of the same section authorizes the corporation to purchase *lands*, timber, stone, gravel, or other materials, to be used in the construction and maintenance of its road, and all necessary *appendages and adjuncts, or acquire them in the manner provided in Title VII, Part III, Code of Civil Procedure, for the condemnation of lands.*" Subd. 9 empowers the corporation " to erect and maintain all necessary and convenient buildings, stations, depots, fixtures, and machinery, for the accommodation and use of their passengers, freight, and business." Subd. 4 of the same section authorizes the corporation "to lay out its road, not exceeding nine rods wide, and to construct and maintain the same; with a single or double track, and with such appendages and adjuncts as may be necessary for the convenient use of the same."

As we construe the complaint, it avers, substantially, that suitable buildings for workshops for repairing the cars and locomotives of the plaintiff, and for the safely keeping the same, are necessary appendages and adjuncts of the road. The allegation on this point is not, perhaps, as precise and specific as it should have been ; but in the absence of a special demurrer

directed to this deficiency, we think the averment in this respect is sufficient, and tenders an issue of fact on this point. So construing the complaint, the question to be determined is whether land to be used as a site for workshops for repairing and safely keeping the cars and locomotives of the plaintiff is a public use within the provisions of the statute above quoted.

Subd. 7 of sec. 465 of the Civil Code authorizes the corporation to acquire, by proceedings in condemnation, lands to be used, not only in the construction and maintenance of the road, but also for all necessary appendages and adjuncts. Whether or not workshops for the repair and safe-keeping of the cars and locomotives of the plaintiff are necessary appendages and adjuncts to this road, under all the circumstances to be developed at the trial, and if so, whether the land sought to be condemned is necessary as a site for said buildings, are questions of fact, on which issues may be joined, to be decided at the trial. In some of the States it has been decided that the Court will take judicial notice that workshops for the repair of the engines and cars of a railroad corporation are necessary appendages and adjuncts, without which the railroad could not be successfully operated; and for the purposes of this decision we shall assume, without deciding the point, that such is the law. But assuming, as a general proposition, that some workshops for this purpose are necessary appendages to a railroad, it may be that this railroad is already amply supplied with all the necessary appendages of this character. It may have a sufficiency of workshops for this purpose; or if not, it may already have sufficient land, conveniently located, on which to erect them. These are facts to be ascertained at the trial, on proper issues framed for that purpose; and as we construe the complaint, it tenders an issue as to these facts; and we think the complaint is sufficient, and that the demurrer was improperly sustained.

We deem it unnecessary to notice the other objections which were taken to the complaint.

Judgment reversed and cause remanded, with an order to the Court below to overrule the demurrer to the complaint.

McKinstry, J., being disqualified, took no part in the decision.