[No. 11483.   Department Two. —October 28, 1886.]

J. A. SHEPHERD, RESPONDENT, *v.* JOHN W. JONES, APPELLANT.

PRACTICE—TRIAL—SPECIAL ISSUES—FINDING—JUDGMENT—PRESUMPTION OF CONSENT. — The action was tried before a jury upon special issues, and the court, after argument, found certain other facts, and upon the verdict and findings rendered the judgment. The record on appeal did not show that any objection was taken to this method of procedure by either party. *Held*, that it would be presumed to have been adopted by consent.

ID. — INSTRUCTION UNSUPPORTED BY EVIDENCE—REFUSAL OF NOT ERRONEOUS. — The refusal to give an instruction which states a correct principle of law, but which is unsupported by the evidence, is not erroneous.

ID. — FINDING — EVIDENCE. — The finding that the defendant was not induced to execute the note in question by any false and fraudulent representation, *held*, supported by the evidence.

ID. — INSUFFICIENCY OF EVIDENCE — SPECIFICATION OF PARTICULARS — APPEAL. — An objection that a certain finding is not supported by the evidence will not be considered on appeal, unless the statement contains a specification of the particulars in which the evidence is claimed to be insufficient. A specification that the court erred in ordering judgment for the respondent on the findings is not sufficient.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The action was brought on a promissory note. The defendant in his answer denied the allegations of the complaint, and pleaded in avoidance of the note,—1. Want of consideration; 2. Fraud in procuring the execution of the note; and 3. Rescission by agreement of the parties and the return to the payee of certain stock for which the note had been given. The further facts are stated in the opinion.

*J. C. Campbell,* and *D. S. Terry,* for Appellant.

*J. A. Louttit,* and *Joseph H. Budd,* for Respondent.

Belcher, C. C.— This is an action upon a promissory note given for the purchase of stock in a mining company, and the appeal is from a judgment entered against the defendant, and from an order denying his motion for a new trial.

The appeal from the judgment cannot be considered, for the reason that it was taken more than a year after the judgment was entered.

The motion for a new trial was properly denied.

The case was tried before a jury upon special issues, and the court then, after argument, found certain other facts, and upon the verdict and findings rendered the judgment. Conceding that this method of procedure was irregular, still no objection appears to have been taken to it by either side, and we must presume it was adopted by consent.

The defendant requested the court to instruct the jury in effect that fraudulent representations may be made by acts as well as by words, and that if the note was obtained from defendant by false and fraudulent representations, then the verdict should be in favor of defendant.

The court refused to instruct as requested, and the refusal is assigned as error.

The instructions stated correct propositions of law, and were refused doubtless because there was no evidence to support them. If so, the refusal was proper. (*Mecham* v. *McKay,* 37 Cal. 154; *Mendelsohn* v. *Anaheim L. Co.,* 40 Cal. 657.)

The jury found that the defendant was not induced to execute the note by any false and fraudulent representations; and after carefully going over the record, we are unable to find any testimony tending to show that he was. It is true that shortly before the giving of the note

the defendant, with the secretary and two of the directors of the company, went to the mine, and while they were standing on the surface of it the secretary picked up a small piece of gold, and one of the directors picked up another piece, and at another time the secretary showed the defendant some gold filings which, as he represented, had been washed out of the mine, and that defendant was thereby so impressed with the value of the mine that he concluded to take the stock and give his note. But there is no testimony to show that the small pieces of gold were not honestly found and picked up, or that the gold filings did not come from the mine as represented.

Within a month after his purchase of the stock, the defendant became dissatisfied with his bargain and sought to rescind the contract. He returned the certificate which he had received to the secretary, and demanded back his note. The secretary took the certificate, and subsequently promised to get and return the note, but never did so. The court finds that before the promise to return was made the note had been, for a valuable consideration and by a resolution passed by the directors of the company, transferred and assigned to the plaintiff, and that he was then the owner and holder of it. It is objected that this finding is not supported by but is directly contrary to the evidence. Conceding this to be so, we cannot consider the objection, for the reason that there is no specification in the statement on which it can be rested. The attempted specification that "the court erred in ordering judgment for the plaintiff on the findings," is not sufficient for any purpose.

On the whole, we find no error in the record of which the defendant can be heard to complain. The appeal from the judgment should therefore be dismissed, and the order denying a new trial should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

LXXI. CAL.—15

The COURT.— For the reasons given in the foregoing opinion, the appeal from the judgment is dismissed and the order denying a new trial affirmed.

Hearing in Bank denied.