[No. 14335.   In Bank. — July 25, 1891.]

H. H. GODDARD ET AL., PETITIONERS, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

PROHIBITION — ACTION BY ASSIGNEE OF INSOLVENTS — FRAUDULENT PREFERENCE — RECEIVER — JURISDICTION — PARTNERSHIP ASSETS — TITLE OF ASSIGNEE. — A writ of prohibition will not lie to prevent an assignee in insolvency from prosecuting an action against the petitioners for the recovery of property alleged to have been transferred by insolvent partners to the petitioners by way of fraudulent preference, and which the assignee claims is vested in him as assignee of the insolvents, and to prevent a receiver appointed in said action from taking possession of the property; and it is immaterial to the jurisdiction of the superior court over such action whether the insolvency proceedings were or were not instituted by or on behalf of the firm, or whether the assignee appointed therein acquired title to the property of the firm or not.

APPLICATION to the Supreme Court for a writ of prohibition. The facts are stated in the opinion of the court.

*Sullivan & Sullivan,* and *T. I. Bergin,* for Petitioners.

Prohibition is the proper remedy. (*Havemeyer* v. *Superior Court,* 84 Cal. 327, 381–386, 389, 390, 395, 397; 18 Am. St. Rep. 192; Stats. 1880, p. 93, sec. 46; *In re Stevens,* 3 Biss. 189, 190.)

*Naphtaly, Freidenrich & Ackerman, E. H. Rixford,* and *T. H. Rearden,* for Respondent.

The court below had jurisdiction to appoint a receiver. (*Sedgwick* v. *Place,* 3 Nat. Bank. Reg. 139; *Loaiza* v. *Superior Court,* 85 Cal. 11; 20 Am. St. Rep. 197.) Prohibition is not the proper remedy. (*More* v. *Superior Court,* 64 Cal. 345; *Coker* v. *Superior Court,* 58 Cal. 177; *Bandy* v. *Ransom,* 54 Cal. 87; *Wreden* v. *Superior Court,* 55 Cal. 504; *Clark* v. *Superior Court,* 55 Cal. 199; *Murphy* v. *Superior Court,* 84 Cal. 592.)

DE HAVEN, J. — This is an application to this court for a writ of prohibition to the superior court of the city and county of San Francisco, Department 3, John F. Finn, judge, commanding and directing said court and judge, and assignee and receiver appointed by said court, to desist from further proceeding in the matter hereinafter stated. It is alleged in the petition that on December 1, 1890, W. H. Eastland and John Fowler were copartners, residents of this state, and doing business in the city of San Francisco under the name of Eastland, Fowler & Co.; and as such partners were indebted to the petitioners in a large sum, and in order to secure the same, that firm made a transfer and conveyance of certain of its assets to the petitioners, and possession thereof was given to them. On the 9th of December, 1890, the said W. H. Eastland and John

Fowler filed their petition in insolvency in the said superior court. .Their petition is entitled "In the matter of W. H. Eastland and John Fowler, copartners," and recites that it is made by said named persons, "copartners in business." Such proceedings were thereafter had therein that an assignee was appointed, and the clerk of the superior court executed to such assignee an assignment and transfer, purporting to convey to him "all the estate, title, right, and property of W. H. Eastland and John Fowler, and of the copartnership of Eastland, Fowler & Co., in and to all the assets of said Eastland and Fowler, and of said copartnership." Thereafter the assignee brought and is now maintaining an action in the superior court against the petitioners, to set aside the transfer made to them by the firm of Eastland, Fowler & Co. on December 1, 1890, alleging that the same was a fraudulent preference, and in violation of the Insolvent Act of 1880. In that action a receiver has been appointed, and he has, by the order of said court, taken possession of the said property claimed by petitioners and in controversy in said action. It is also shown that prior to the appointment of said assignee, a receiver was appointed in the insolvency proceedings to take possession of the property of said insolvents until the appointment of an assignee, and he was directed by the court to commence the action now pending in the respondent court against petitioners, and that said action was brought by him, and upon the appointment of the assignee the latter was substituted as plaintiff, and the action is being continued in the name of said assignee. The writ applied for is asked to prohibit the superior court, and its judge, and also the assignee of said insolvents, and the receiver appointed in the said action against petitioners, from further proceeding upon the orders appointing said assignee and receiver, and from exercising the powers in said orders, or either of them, granted, with regard to the property transferred

to petitioners by the firm of Eastland, Fowler & Co. on December 1, 1890.

It is claimed by petitioners that the superior court never acquired jurisdiction over the assets of the firm of Eastland, Fowler & Co. in the insolvency proceedings, because the said petition of W. H. Eastland and John Fowler, in insolvency, was not filed by or on behalf of the firm of Eastland, Fowler & Co., and contains no averment of the existence, at any time, of such a firm. Upon this assumption it is argued that the assignee appointed in that proceeding acquired no title to the property of said firm. We do not find it necessary to determine whether this contention of petitioners in regard to the effect and scope of the insolvency proceedings is correct or not, as in any view we are clear that the writ applied for must be denied. The respondent court has jurisdiction of the action of said assignee against the petitioners here, and of the parties thereto, and had authority to appoint a receiver to take possession of the property in controversy, and its jurisdiction is in no wise affected by or dependent upon the proceedings in insolvency. If, as claimed by the petitioners, the assignee acquired no title to the property in controversy, by virtue of these proceedings, they will have ample opportunity to present and have that question determined in the action, to which they are parties, now pending in the superior court. The order appointing the assignee in the insolvency proceedings has already been made, and it is not the office of a writ of prohibitian to prevent him from prosecuting such suits as he may deem proper for the recovery of property which he claims is vested in him as such assignee.

Writ denied.

McFarland, J., Harrison, J., Sharpstein, J., Garoutte, J., and Paterson, J., concurred.