[No. 13911.   In Bank. — September 15, 1891.]

A. MONTGOMERY, RESPONDENT, *v.* A. L. SAYRE, EXECUTOR, ETC., APPELLANT.

PRINCIPAL AND SURETY — MAKER OF COLLATERAL NOTE — RELEASE OF INDORSER OF PRINCIPAL NOTE — DISCHARGE OF SURETY. — The maker of a note given to secure the payment of the note of a corporation, indorsed by a third person, and secured by mortgage upon the property of the corporation, is, in law, a surety, and if such indorser is released from obligation to pay a deficiency judgment rendered against him and the corporation jointly, in a suit for foreclosure of the mortgage, and which became a lien upon the lands of the indorser, the maker of the collateral note is exonerated from liability.

ACTION AT LAW — JURY TRIAL — POWER OF COURT. — In an action at law, the defendant is entitled to have the issues made tried by a jury, and the

court cannot enter a verdict contrary to the will of the jury, or substitute its judgment for theirs, and assume the power to decide issues of fact once submitted to the jury, or render a judgment contrary to the verdict.·

ID. — WAIVER OF JURY — RELINQUISHMENT OF SPECIAL VERDICT — PRESUMPTIONS UPON APPEAL. — Where the record is silent upon the question whether the defendant waived his right to trial by jury, it will be presumed, upon appeal, that a jury was waived as to issues tried by the court in the first instance, but such presumption cannot be indulged where the record shows that a jury trial was had, and a verdict rendered upon vital issues, neither can it be presumed from the fact that evidence was given before the court after a special verdict of the jury upon vital issues submitted to it, but which did not pass upon all of the issues joined in the case, that the verdict was voluntarily relinquished.

ID. — FINDINGS CONTRARY TO VERDICT — VACATION OF VERDICT — NEW TRIAL. — Where the court, upon hearing evidence after a jury has passed upon some of the vital issues, makes findings upon all of the issues, contrary to the verdict, such action is in effect a setting aside and vacating of the verdict, and it is the duty of the court to order a new trial by jury, and it has no power to proceed to determine the cause without a jury.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*George A. Nourse*, for Appellant.

*W. F. Goad, Arthur Rodgers*, and *Hall & Rogers*, for Respondent.

GAROUTTE, J. — This cause was originally decided by the court in Department, and a rehearing having been granted, it is now before the court in Bank.

It was an action on a promissory note executed by defendant's testator to the plaintiff. It was given to secure the payment of the note of the Pioneer Gold Mining Company to the plaintiff for one hundred and ten thousand dollars. This last note was indorsed by William S. Chapman. It was further secured by a mortgage on the Pioneer mine, executed by said company.

The above facts appear, and are not disputed. It further appears that there was a prior mortgage executed by the company on the Pioneer mine, on which a suit

for foreclosure was brought, and in this suit the plaintiff, who was one of the defendants therein, filed a crosscomplaint, asking that his mortgage be foreclosed. This was done, and an order of sale issued directing the proceeds of the sale of the mine under the decree, to be applied, first, to the payment of the prior mortgage, and the remainder upon the plaintiff's mortgage. The sheriff's return of sale showed a deficiency due on the second debt to plaintiff, amounting to $61,534.13. Judgment for this deficiency was docketed against the mortgagor company and W. S. Chapman.

This action was brought on the note to recover the amount claimed to be due thereon, to be paid by defendant in due course of administration. It is set up in the answer that the one-hundred-and-ten-thousand-dollar note had been fully paid, and it was denied that any sum remained due and unpaid thereon. Other allegations of the complaint were denied. These need not be stated.

As an affirmative defense, the defendant set up, by his answer, the following: " 1. That a transcript of the docket of the deficiency judgment docketed against the Pioneer Mining Company and W. S. Chapman, the maker and indorser of the mortgage note, was filed with the recorder of Fresno County in November, 1887, and thus the judgment became a lien upon all the real property of said W. S. Chapman in said Fresno County; 2. That at and before the filing of said transcript, Chapman owned certain real property described, situated in said county, which was held in the name of W. F. Goad, trustee for plaintiff, Montgomery, for further security for debts due Montgomery from Chapman; 3. That the said lien of said judgment was never enforced against said property of said Chapman, but that said Montgomery, Chapman, and Goad, after the death of said A. L. Sayre, sold and conveyed by deed to Thomas E. Hughes all of said real property for ninety-five thousand dollars, paid by Hughes to Montgomery, which was received by Montgomery as payment from Chapman to him in full for all obligations,

except the judgment aforesaid, which then amounted to less than thirty-six thousand dollars, and that Montgomery thereupon released said land from the lien of said judgment; 4. That said real estate was then worth one hundred and forty thousand dollars, and if sold at its real value would have realized enough to pay all debts due Montgomery from Chapman, including said deficiency judgment; 5. That said Montgomery released said land from the lien of said judgment, and released said Chapman from the obligation of said judgment, without the consent of defendant."

The case was tried by a jury on the 24th of April, 1889, and the following verdict rendered: —

"Question 1. What was the value, May 15, 1888, of the following lands, viz. [referring to the lands of Chapman in Fresno County] ? Answer. One hundred and thirty-six thousand eight hundred dollars.

"C. C. HARRIS, Foreman.

"Question 2. Did the plaintiff, A. Montgomery, on or about May 15, 1888, release W. S. Chapman from all liability under the judgment in the complaint herein mentioned? Answer. Yes. C. C. HARRIS, Foreman."

This verdict, it appears, was in answer to special questions embracing special issues submitted to the jury by the questions above given. There was no other verdict and no general verdict, nor does it appear that any general verdict was demanded by either party.

It appears from the record that the trial proceeded after the return of the verdict, both parties introduced evidence, and on the 24th and 25th of April, 1889, it is stated, "*said trial was completed, and submitted to the court for decision and judgment,* with the privilege to the parties to file briefs herein, which was done." The court subsequently rendered its decision, finding on all the issues in the case, disregarding the verdict, treating it as non-existent, and in fact finding contrary to the answers of the jury on the questions submitted to them, and ren-

XCI. CAL.—14

dered judgment for plaintiff for a sum of money. The defendant appeals from such judgment.

The foregoing facts are taken from the record, and upon them the merits of this appeal must be determined. The findings of fact by the court, upon which the judgment in this action is based, are directly opposed to the special findings of the jury. The jury found that the lands of Chapman in Fresno County were worth one hundred and thirty-six thousand eight hundred dollars. The court found that ninety-five thousand dollars was the reasonable value of said lands. The jury found that plaintiff, A. Montgomery, did release W. S. Chapman from all liability under the judgment in the complaint mentioned. The court found that plaintiff, Montgomery, did not agree to release, and did not release, said Chapman from all or any liability under said judgment.

These are vital issues in the action, for Sayre was, in law, a surety; and " a guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal in respect thereto in any way impaired or suspended." (Civ. Code, sec. 2819.) And section 2840, subdivision 1, provides that "a surety is exonerated in like manner with a guarantor."

If the court had the power to make the findings that it made upon these questions, then the judgment has ample support; but if the verdict rendered is to be given any effect, then the judgment must be for the defendant. This is an action for the recovery of money, — an action strictly at law; the defenses are legal defenses, and the verdict cannot be deemed as merely advisory to the court, as is the practice in equity cases.

It seems from the record that all the issues involved in the case were not submitted to the jury, and for that reason the verdict may be termed an incomplete and imperfect special verdict. (Code Civ. Proc., sec. 624.)

If the court had adopted the special findings of the

jury, and then had proceeded to take evidence and make findings upon the remaining issues in the case, and had made its judgment based upon all of such findings, it would have been presumed that a jury had been expressly waived as to the issues tried and determined by the court.

This was the *status* of the record in *Shepherd* v. *Jones*, 71 Cal. 224, and the court said: " Conceding that this method of procedure was irregular, still, no objection appears to have been taken to it by either side, and we must presume that it was adopted by consent."

This being an action at law, the defendant was entitled to have the issues made tried by a jury. A jury was impaneled, tried some of these issues, and found facts fatal to plaintiff's right of recovery; and it is only upon the one theory that after this verdict was rendered defendant stipulated that it should be set aside, a jury trial waived, and the entire cause tried by the court, that the judgment in this action can be sustained.

If the question were, did the defendant waive his right to a trial by jury? — the record being silent upon the question, and the case having been tried and determined by the court, — there would be no difficulty, for the authorities are explicit to the end that such would be the presumption. (*Boston Tunnel Co.* v. *McKenzie*, 67 Cal. 490.) But this is not a question of a waiver of a jury trial, for a jury was had, evidence taken, and a verdict rendered upon vital issues.

This court will indulge in all proper intendments necessary, in order to support the validity of a judgment, where an appeal is presented to us solely upon the judgment roll, but we think, upon the face of this record, there is sufficient to indicate that this trial in the lower court took not only a novel but an inconsistent and unlawful course. To support this judgment, we are required to presume that defendant voluntarily relinquished the verdict of a jury, which verdict formed a perfect legal defense to plaintiff's right of recovery, then waived a trial by jury, and risked the chances of

adverse findings upon the same issues with others by the judge. We think the presumption violent, and entirely too weak to form a foundation upon which to test the merits of a cause involving large property rights. A fair interpretation of the recital in the record is, that both parties proceeded and introduced evidence upon the issues not submitted to the jury, but which were necessary to a full and final determination of the cause, in accord with *Shepherd* v. *Jones*, 71 Cal. 224. If such were the fact, this verdict was alive at the conclusion of the evidence, and could only have been rendered nugatory by some act of the court subsequent to that event; and allowing the court all the power that the law allows, it was still wanting in power to render a judgment at the time contrary to the verdict.

Section 662 of the Code of Civil Procedure provides "that a verdict of a jury may be vacated and a new trial granted by the court in which the action is pending on its own motion, when," etc. In this case a jury was impaneled, and a verdict rendered as to certain issues, and it is unnecessary to closely scrutinize that verdict to ascertain whether it is defective and informal or complete and perfect. It was the verdict of a jury placed in the box to try the cause, and it cannot be disregarded until set aside and vacated by the court. And we have already seen the court made findings directly contrary to this verdict, and this action of the court was, in effect, to vacate and set it aside. It is immaterial whether such action was had by reason of defects and informalities in the verdict, or whether the evidence was such as to indicate that it was rendered through passion or prejudice; the result would be the same, and that result would be that a new trial should have been ordered. Such is necessarily the law; for if it were otherwise, these parties would be deprived of their right to a trial by jury.

When the court set aside and vacated the verdict, it was its duty to order a new trial. It had no power to proceed to determine the cause. "As the court cannot

enter a verdict contrary to the will of the jury " (*Hines* v. *Robbins*, 8 Conn. 347), so it cannot substitute its judgment for theirs, and assume the power to decide issues of fact once submitted to the jury.. .

We conclude, therefore, that the verdict was set aside and vacated by the court, and that the court had no power to proceed and determine the cause, but should have ordered a new trial.

Let the judgment be reversed, and the cause remanded.

DE HAVEN, J., McFARLAND, J., PATERSON, J., BEATTY, C. J., and HARRISON, J., concurred.