[S. F. No. 3605.  In Bank.—June 15, 1903.]

JAMES R. TALBOT, Petitioner, v. OVAL PIRKEY, Judge of the Superior Court of Glenn County, Respondent.

PROHIBITION—INSUFFICIENT PETITION—PREJUDICE AND BIAS OF JUDGE —MOTION FOR CHANGE — COUNTER-AFFIDAVITS — JURISDICTION — REMEDY BY APPEAL.—A petition for a writ of prohibition to restrain a judge from trying a case in which a motion was made for a change of judges, upon affidavits showing the prejudice and

bias of the judge in whose court the case is brought, is not suffi-
cient to sustain the writ, where it does not allege that no counter-
affidavits were filed. Assuming that counter-affidavits were filed;
the judge of the court had jurisdiction to decide the question of
his own bias, and to try the cause, if he found the charge un-
sustained. Having jurisdiction to try the cause, the judge of the
court cannot be prohibited from doing so; and any error com-
mitted by him in denying the motion can only be reviewed on
appeal.

PETITION for writ of prohibition to the Judge of the Su-
perior Court of Glenn County. Oval Pirkey, Judge.

The facts are stated in the opinion of the court.

E. A. Bridgford, for Petitioner.

BEATTY, C. J.—This is an original proceeding in prohi-
bition. The petitioner is defendant in a civil action now
pending in the superior court of Glenn County, of which the
respondent is judge. He moved the court, upon due notice,
supported by affidavits, to secure the services of a judge of
another county to preside at the trial of all the issues of law
and fact in said cause, upon the ground that he could not
have a fair and impartial trial before respondent by reason
of his prejudice and bias. The affidavits filed in support of
the motion, copies of which are annexed to the petition, are
amply sufficient, if uncontradicted, to establish the charge of
bias and to disqualify the respondent; but it is not alleged
that no counter-affidavits were filed, and we cannot assume in
favor of the petitioner that his motion was denied upon the
case made by his affidavits. The motion was based upon the
fourth subdivision of section 170 of the Code of Civil Pro-
cedure, as amended in 1897; and assuming that there were
counter-affidavits filed in opposition to the motion, it is clear
that under the provisions of that amendment the respondent
had jurisdiction to decide the question of his own bias, and
to try the cause, if he found the charge unsustained. Having
jurisdiction to try the cause, he cannot be prohibited from
doing so, and his error, if error there was, in denying the
motion can only be reviewed on appeal.

Writ denied.

Van Dyke, J., Lorigan, J., McFarland, J., and Henshaw, J., concurred.

SHAW, J., concurring.—I concur in the opinion of the chief justice; but I do not want to be considered as conceding that if it appeared that no counter-affidavits had been filed the case would be reviewable on prohibition.

Angellotti, J., concurred with Shaw, J.