[Civ. No. 383.    Third Appellate District.—August 19, 1907.]

## BEAULIEU VINEYARD et al., Petitioners, v. SUPERIOR COURT OF NAPA COUNTY, and Hon. H. C. GESFORD, Judge, Respondents.

PROHIBITION—FUNCTION OF WRIT.—The writ of prohibition only lies to prevent a proceeding without or in excess of jurisdiction. It is a preventive, and not a corrective, remedy, and will not lie to review the regularity of the proceedings of a court within its jurisdiction, nor to determine the sufficiency of the evidence to support its findings, nor any question of mere error in the exercise of jurisdiction.

ID.—JURISDICTION OF CONDEMNATION PROCEEDING—NECESSITY FOR TAKING—ABANDONMENT OF SITE—SPECIAL VERDICT—RESERVED FINDINGS.—Prohibition will not lie to restrain a condemnation proceeding of which the court has jurisdiction, because of its action in reserving the question of necessity for taking a particular piece, claimed by the defendant as the only piece where he could have a wine cellar site, which plaintiff sought to abandon by amendment, which was disallowed, but afterward permitted at the conclusion of the case, after a special verdict of the jury determining the value of the whole tract per acre, and the special damage to such site, and the damage to the land not taken, after which the court found that said piece was not necessary to be taken, and had been abandoned and relinquished by plaintiff, in connection with other findings, all of which must be accepted as true.

ID.—DUTY OF COURT TO DETERMINE NECESSITY—ORDERLY PROCEDURE.— Under the circumstances shown by the record, the court had not only the jurisdiction, but it was its duty, to determine the question of fact, whether any, and if so what, part of the land was necessary for the purpose of plaintiff. The more orderly procedure would be for the court to have allowed the amendment asked at the trial, or to have found upon the question of necessity before the issue of compensation was submitted to the jury.

ID.—UNDERSTANDING OF JURY—ACTION OF COURT NOT ERRONEOUS.—If the jury had sufficient information as to the proposed action of the

court to enable it to act intelligently upon the issue of compensation, and without prejudice to the substantial rights of the defendant, the reservation by the court of the decision upon the question of necessity until after the verdict was rendered was not even erroneous, much less in excess of jurisdiction.

PETITION for writ of prohibition to the Superior Court of Napa County. H. C. Gesford, Judge.

· The facts are stated in the opinion of the court.

Carlton W. Greene, for Petitioners.

John T. York, for Respondents.

BURNETT, J.—The proceeding is for a writ of prohibition. An alternative writ was issued upon a verified petition. On the return day respondent filed a demurrer and also an answer denying many of the allegations of the petition. Thereafter petitioners filed a traverse of the answer; and respondent—not to be outdone in volume of asseveration and denial—replied with a "rejoinder to the traverse."

We do not deem it necessary to give special consideration to the demurrer of respondent. It is true that a sharp issue is presented as to some of the facts, but notwithstanding this want of agreement between the parties the record is sufficient to enable us to determine the controversy.

This proceeding grew out of an action brought by the San Francisco, Vallejo and Napa Valley Railroad Company against petitioners, in the superior court of Napa county, to condemn certain lands of the defendants for a right of way for the railroad of the plaintiff in that action. Petitioners state that "the object of this application is particularly to prohibit the Superior Court of Napa County and the judge thereof from enforcing an order made July 1, 1907, authorizing the said plaintiff to take possession and use said lands during the pendency of and until the final conclusion of the litigation, and to prohibit all other proceedings under or in furtherance of the judgment; and incidentally to annul all the proceedings subsequent to the verdict of the jury." The proceedings of the trial are set out *in extenso* in the pleadings before us. It is not claimed that the court acted in excess of its jurisdiction until after the verdict of the

jury was rendered. The said verdict, in response to the only issues submitted to said jury, was as follows: "We the jury in the above-entitled cause find for the defendants as our verdict, in this case, and answer the questions submitted as follows: 1. What was the value per acre on the 13th day of November, 1906, of the first or smaller tract or parcel including the improvements thereon sought to be condemned? Answer: 0.354 acres at $400 per acre—$141.60. 2. What was the value per acre on the thirteenth day of November, 1906, of the second or larger tract or parcel of land sought to be condemned? Answer: 2.723 acres at $500 per acre, $1,361.50. 3. What damages, if any, will accrue to the larger tract not sought to be condemned by reason of the deprival of a site for a wine cellar? Answer: $2,000. 4. What will be the damages, if any, accruing to the larger tract not sought to be condemned by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff, accruing from all sources other than the deprival of a site for a wine cellar? Answer: $500. 5. What will be the cost of a good and sufficient fence along the line of the proposed railroad? Answer: $1,025.00. 6. Total value of land, $1,503.10. Total damages, $2,300."

Neither party demanded that any other issue be submitted to the jury, and it is claimed by respondent that no objection was made by petitioners to the form of the issue. Petitioners, however, aver that they objected to the segregation of the damages to the portion not to be taken as provided in questions 3 and 4. This conflict in the pleadings as to the objection must be considered of no importance on an application for a writ of prohibition. The peculiar method of presenting the question of damages to the land not to be taken, though, has a bearing of some significance upon the determination of the question before us. It was claimed by the defendants in the condemnation proceeding that if the portion of tract No. 2 described in the complaint and sought to be condemned should be taken, they would be deprived of a site for a wine cellar of great value for that purpose on account of its peculiar location. During the trial, after the plaintiff became apprised of this contention of the defendants, it sought to abandon any claim to a portion of said tract and to withdraw it from condemnation and thereby leaving a sufficient

area of said tract 2, according to the testimony of some of
the witnesses and the subsequent finding of the court, for
every purpose of a wine cellar. It asked permission of the
court to so amend its complaint as to eliminate the element
of damage on account of the deprival of the site for a wine
cellar. Defendants objected to the proposed abandonment,
or to any amendment to the complaint, and their objection
was sustained. The judge of the court, however, remarked:
"At the conclusion of the case, if the plaintiff sees fit to
abandon the piece now under discussion, the court will con-
sider that proposition, and if the plaintiff asks the court to
instruct the jury to eliminate from their estimate of damages
and values that caused by this piece the court will consider
that proposition. . . . I will consider those propositions at
the conclusion of the case." There is some controversy as
to what took place subsequently and before the verdict of
the jury was rendered, but respondent avers that when the
evidence was closed plaintiff, through its attorneys, stated
to the court that it abandoned that proportion of the pro-
posed right of way described in the complaint as tract num-
ber two and constituting the so-called wine cellar site, and
that the court instructed the jury that the motion to amend
the complaint and all proceedings under that motion were
for the court and not for the jury, "and that during the
course of the opening argument of plaintiff's attorney to the
jury he was proceeding to state that this portion of the land
was not necessary for plaintiff's use, and for that reason
plaintiff had abandoned it, and that thereupon the attorneys
for defendants objected to this line of argument upon the
ground that it was a matter for the action of the court alone.
Whereupon the court sustained the objection and instructed
the jury to disregard the matter objected to and that the
question of the necessity of the taking of said land and of the
abandonment by plaintiff of one portion of the land sought
and described in the amended complaint was wholly reserved
for the court, and that the court would attend to that mat-
ter, after the verdict of the jury upon the issues of value of
land taken and damages sustained was rendered. Some time
after the jury was discharged the court filed its findings."
These covered the various allegations of the amended com-
plaint as to the incorporation of the plaintiff, and the loca-
tion and general route of its railroad. They contained, also,

the verdict of the jury and a declaration that it is necessary that plaintiff shall acquire a right of way over tract No. 1, as described in the amended complaint, and that it is *not necessary* for said purpose that plaintiff should acquire a certain portion of the second tract described in paragraph 6 of the amended complaint. It is also found that at the trial in open court plaintiff abandoned, waived and relinquished any right to acquire or condemn said portion of lot No. 2, and admitted and declared and the evidence adduced by plaintiff established the fact that said piece of land is not required, and that the sum of $500 comprises the entire damages to the portion of the land not taken, and that the residue of the land adjacent to a certain spur track of the Southern Pacific Railroad Company is available for a site for a wine cellar for the deprival of which site the jury assessed the damage at $2,000. Then follow the specific findings of damage in accordance with the verdict of the jury except that the $2,000 for the said site is eliminated and the value of the land found necessary to be taken is substituted for that of the whole tract at the price per acre found by the jury. Judgment was entered accordingly. Afterward the defendants gave notice of a motion to set aside the judgment as provided in section 663, Code of Civil Procedure. The court sustained an objection of the plaintiff to the hearing of said motion on the ground that proper notice was not given as required by section 663½, Code of Civil Procedure. The court afterward made and entered its final judgment of condemnation authorizing the plaintiff to take possession of the land after reciting that the money due the defendants had been deposited in court as provided in section 1253, Code of Civil Procedure.

Petitioners maintain that the court exceeded its jurisdiction in finding that a portion of the land described in the complaint was not required and in its modification of the verdict of the jury accordingly; in its refusal to hear the motion to set aside said judgment and also in rendering its final decree of condemnation.

Respondent insists that a case for prohibition is not presented for three reasons: 1. Petitioners have a plain, speedy and adequate remedy at law under the authority of many cases, among which are the following: *Murphy* v. *Superior Court,* 84 Cal. 594, [24 Pac. 310] ; *Mines D'Or etc. Soc.* v.

*Superior Court,* 91 Cal. 101, [27 Pac. 532]; *White* v. *Superior Court,* 110 Cal. 58, [42 Pac. 480]; *Valentine* v. *Police Court,* 141 Cal. 616, [75 Pac. 336]; *McAdoo* v. *Sayre,* 145 Cal. 351, [78 Pac. 874], and *Carr* v. *Superior Court,* 147 Cal. 227, [8 Pac. 515]. 2. The acts challenged have already been consummated and the writ of prohibition is a preventive and not a corrective remedy. (*Valentine* v. *Superior Court, supra,* and cases therein cited.) 3. It does not appear that the court was without jurisdiction or acted in excess of its jurisdiction in any of the matters of which complaint is made by petitioners.

We pass by a consideration of the first two grounds above stated, as we feel satisfied that the record as presented would not justify us in holding that the court either has exceeded or is about to exceed its jurisdiction in the premises. We are not left in any uncertainty as to the nature and scope of the writ of prohibition. In section 1102, Code of Civil Procedure, it is defined as follows: "The writ of prohibition is the counterpart of the writ of mandate. It *arrests* the proceedings of any tribunal, corporation, board or person, whether exercising functions judicial or ministerial when such proceedings are *without* or in *excess* of the jurisdiction of such tribunal, corporation, board or person." The significance and scope of this legislative declaration have been considered many times by the higher courts. Among the cases the following will be found of interest: *Raine* v. *Lawlor,* 1 Cal. App. 352, [82 Pac. 688]; *Kinard* v. *Police Court,* 1 Cal. App. 682, [83 Pac. 175]; *Maurer* v. *Mitchell,* 53 Cal. 289; *Talbot* v. *Pirkey,* 139 Cal. 326, [73 Pac. 858]. In the Maurer case, *supra,* it is said: "At the common law the writ of prohibition was issued to restrain subordinate courts and inferior *judicial* tribunals from exceeding their jurisdiction. . . . We are of the opinion that the writ mentioned in the constitution is the writ of prohibition as known to the common law. Nor does the language of section 1102 of the Code of Civil Procedure require of us to hold that the office of the writ has been extended or that it should now issue in cases in which it could not have been resorted to prior to the statute." The foregoing decision was rendered under the old constitution and prior to the amendment of 1881 to said section 1102, adding the words: "whether exercising functions judicial or ministerial." The scope of said writ,

however, has not been enlarged by said amendment. (*Camron* v. *Kenfield*, 57 Cal. 550.)

The question under this application, then, is whether the superior court had the legal power to hear and determine the matters in the manner disclosed by the record. (*Ex parte Bennett*, 44 Cal. 84; *Sherer* v. *Superior Court*, 96 Cal. 653, [31 Pac. 565].) It cannot be controverted that the court had jurisdiction of the subject matter and of the parties. (Code Civ. Proc., sec. 1243; *Bishop* v. *Superior Court*, 87 Cal. 226, [25 Pac. 435]; *City of Los Angeles* v. *Pomeroy*, 124 Cal. 597, [57 Pac. 585].)

Again, the regularity of the proceedings of the court, if within its jurisdiction, cannot be reviewed on prohibition. (*Powelson* v. *Lockwood*, 82 Cal. 613, [23 Pac. 143]; *Goddard* v. *Superior Court*, 90 Cal. 367, [27 Pac. 298]; *Talbot* v. *Pirkey*, 139 Cal. 326, [73 Pac. 858].)

All the allegations of the amended complaint were put in issue by the answer. Hence, it was necessary to find upon every material averment. The necessity for the taking of the land or any portion of it was denied by the defendants. Petitioners made no demand that this issue should be submitted to the jury. In fact, petitioners are here contending that the only issue to be decided was as to the value of the land to be condemned and the damage to the residue, but we determine what the issues are by an inspection of the pleadings. As the privilege of submitting to the jury the other questions is deemed to have been waived, it became the duty of the court to find upon them. (*Shepherd* v. *Jones*, 71 Cal. 224, [16 Pac. 711]; *Montgomery* v. *Sayre*, 91 Cal. 210, [27 Pac. 648]; *Reclamation District* v. *Thisby*, 131 Cal. 574, [63 Pac. 918]; *San Francisco and S. J. V. R. R. Co.* v. *Leviston*, 134 Cal. 418, [66 Pac. 473].)

Under the circumstances shown by the record the court not only had the jurisdiction but it was its duty to determine the question of fact—whether any, and if so what portion of the land was necessary for the purpose of plaintiff. (*Southern Pac. R. R. Co.* v. *Raymond*, 53 Cal. 223; *City of Pasadena* v. *Stimson*, 91 Cal. 253, [27 Pac. 604]; *Spring Valley W. W.* v. *Drinkhouse*, 92 Cal. 528, [28 Pac. 681]; *City of Santa Ana* v. *Gildmacher*, 133 Cal. 399, [65 Pac. 883].)

At most, petitioners might contend that the action of the court was irregular in reserving the question of necessity

until after the jury rendered its verdict. The more orderly procedure would be for the court to have allowed the amendment proposed by plaintiff during the progress of the trial or to have found upon the question of necessity before the issue of compensation was submitted to the jury. But if the jury have sufficient information as to the proposed action of the court to enable it to act intelligently upon the issue of compensation and without prejudice to the substantial rights of the defendant, the reservation by the court of the decision of the question of necessity until after the verdict is rendered is not even erroneous, much less in excess of jurisdiction. Of course, no one would contend for the absurd proposition that the jury could determine the total value of the land to be taken without knowing its area, but there is no insuperable objection to a course that would leave to the jury the determination of the value per acre of a tract and to the court the number of acres necessary to be taken.

In reference to the procedure in similar matters, in the case of *City of Los Angeles* v. *Pomeroy,* 124 Cal. 597, [57 Pac. 585], the court, speaking through the learned chief justice, said: "All other issues were tried by the court, and it was of no importance in what order they were decided, except in so far as a determination of one point was necessary as a basis for the determination of another. Undoubtedly, it was necessary that the jury should be correctly instructed as to the quantity and extent of the estate and interest of the defendants in the land in order that they might correctly estimate its value and since . . . that point was to be decided by the court, it was necessary that the jury should be informed before retiring what the conclusion of the court was, but that conclusion could be stated as well before as after the filing of formal findings of fact and conclusions of law." But if the court, deeming it unnecessary to announce its conclusion before the jury rendered a verdict on the question of value, should fail to do so, it would not be a case for prohibition. Error might be predicated upon such action and a review be had of it in the proper proceeding, but it would not show excess of jurisdiction because the court has the legal power to make a wrong as well as a right decision upon the question whether it is necessary for the guidance of the jury for the court to decide the issue submitted to it or to announce its conclusion before the jury retires. The matter

is one of expediency and orderly procedure rather than of jurisdiction.

Petitioners argue that the effect of the action of the court was to deny to defendants the benefit of a jury trial. Even so, under the decisions of the supreme court, a question of jurisdiction would not be involved nor would it constitute the occasion for prohibition. (*Clark* v. *Superior Court*, 55 Cal. 199; *Curtis* v. *Superior Court*, 63 Cal. 436; *Ex parte Miller*, 82 Cal. 454, [22 Pac. 1113]; *Powelson* v. *Lockwood, supra; In re Fife*, 110 Cal. 8, [42 Pac. 299].) But petitioners are entirely mistaken in their construction of the action of the court below, and they seem to misapprehend the rule that must govern us in this proceeding in our examination of the record. We cannot impeach the verity of the recitals in the findings and judgment of the trial court—at least, unless it appears that there was no evidence to support them. But the verified answer of respondent discloses such support in the evidence. It is true that the pleadings of petitioners, verified by their attorney, makes emphatic denial of these representations, but that furnishes no justification here for annulling the judgment or pursuing the inquiry any further. The function of prohibition is not to determine the sufficiency of the evidence to support the findings. As said in *Wreden* v. *Superior Court of Stanislaus County*, 55 Cal. 504: "Any error committed in the decision of a motion can be saved by a bill of exceptions and be disposed of by appeal or any other method of review known to the law; but judicial acts which are the subject of review by these ordinary and adequate remedies are not the subject of prohibition."

We are nevertheless asked to issue the writ, although we must accept as true the facts found by the court that the jury was fully informed that the plaintiff had abandoned any claim to a certain portion of tract No. 2, and that the court would pass upon the question of the amount of said tract that was necessary to be taken; that in view of this contingency the issue of compensation was submitted to the jury as embodied in propositions 3 and 4; that the residue of said tract 2 was amply sufficient for a wine cellar as desired by the defendants; that there was substantial evidence to support the ruling of the court that the motion of defendants to vacate the judgment was not made as required by the statute and that upon a sufficient showing the court determined

that notice of the final judgment of condemnation was properly given.  This we cannot do.

Many cases are cited by petitioners, relating to the different phases of the subject before us.  We have examined them and we find nothing in any of them necessary to the decision, militating against the views we have herein expressed.

The order to show cause is discharged and the peremptory writ is denied.

Chipman, P. J., and Hart, J., concurred.