## THE CHICAGO AND NORTH-WESTERN RAILWAY CO.

*v.*

## FRANCIS DONAHUE.

1. NEGLIGENCE — *liability of railway company to an employee for an injury resulting from.* It is the duty of railroad companies to their employees to furnish a sufficient number of hands to operate their trains with safety. But where an employee, whose duty it was to turn switches, couple cars and give signals, was run over and injured by the backing of a train on the private grounds of the company, while he was engaged in his duty, it was *held* that the company was not guilty of negligence or liable to the servant in not providing rules whereby a watchman should have been kept on the rear end of the train that produced the injury, the proof showing there was a watch or lookout kept from the engine.

2. SAME — *servants presumed to contract with reference to the hazards of their employment.* Employees of a railway company are presumed to contract with reference to the hazards incident to the service. It is not the duty of such a company to place one employee on the lookout to warn others of approaching danger. It is their duty, without warning, to observe due care, and this is a part of their undertaking, and any omission is at their peril.

3. If a servant of a railway company remains in the employment of the company, when he knows the performance of the duties required of him will expose him to danger from the want of a watchman on the rear car of trains in the yard where he is engaged in making up trains, etc., or for the want of a sufficient number of hands to operate trains, it will be presumed he voluntarily assumed the risk, and waived whatever, if any, obligation rested on the company in that respect, and if injury ensues, he must be held to be without a remedy.

4. SAME — *servant injured must not be guilty of negligence.* No principle of law is better settled than that a party must observe ordinary care for his

personal safety in any employment, and if, for want of such care, he suffers an injury, no recovery can be had, and the degree of care to be observed must always be in proportion to the hazards of the service in which he is engaged.

5.   SAME — *plaintiff's negligence does not always excuse liability for injury.* Where the plaintiff is guilty of negligence and is injured, to defeat a recovery it must nevertheless appear that the defendant used all reasonable care to avoid the injury.   The fact that a party has been guilty of negligence does not authorize another to inflict a willful injury or to omit all reasonable precautions to avoid it.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action on the case, brought by Francis Donahue, by his next friend James Donahue, against the Chicago and North-Western Railway Company, to recover for a personal injury received while in the defendant's employ, on the ground of alleged negligence.   The facts appear in the opinion.   The jury found for the plaintiff and assessed his damages at $8,000. The plaintiff remitted $3,000 and the court, overruling motions for a new trial and in arrest of judgment, rendered judgment in favor of the plaintiff for $5,000 and costs of suit, to reverse which the defendant appealed.

Mr. B. C. COOK, for the appellant.

Messrs. MOORE & CAULFIELD, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Plaintiff was employed as a switchman in the yards of the company, at Chicago, and while in that service was struck by a moving car, by which he was seriously and permanently injured. One ground of liability set forth in the declaration, viz.: that the locomotive attached to the train was out of repair and not manageable, has not been insisted on in this court, the jury by a special verdict having found it was in good repair and ordinarily manageable.   It is sought, however, to maintain the judgment on the other ground of negligence charged, that de-

fendant neglected to provide rules whereby it would have been the duty of certain servants to keep a lookout from the car or locomotive to warn plaintiff of the approach of the engine and cars, and that it in fact kept no watch or lookout from the car in the direction in which the engine was moving. The accident occurred on private grounds of the company, where there are a number of tracks used for making up trains, and where trains are almost constantly moving in either direction. It was his duty to turn the switches, couple cars and give signals. Each engineer had his own switchman. When plaintiff was struck he was walking backwards and giving signals to his engineer. He had just stepped upon another track, when the rear car of a train which was being pushed from an opposite direction came upon him.

No principle of law is better settled than that a party must observe ordinary care for his personal safety in any employment, and if, for want of such care, he suffers an injury, no recovery can be had. The degree of care to be observed must always be in proportion to the hazards of the service in which he is engaged. Where plaintiff is guilty of negligence, to defeat a recovery it must nevertheless appear that defendant used all reasonable care to avoid the injury. The fact that a party has been guilty of negligence does not authorize another to inflict a willful injury, or to omit all reasonable precautions to avoid it.

Whether plaintiff, in this case, observed due care for his personal safety is one of the controverted facts. According to his own testimony, it was not necessary, in the performance of his duty, that he should step upon the track where he received the injury. There was room enough elsewhere. It is urged, in his behalf, his mind was so absorbed he did not notice he was stepping into danger. That is no valid excuse. He was in a place where danger was imminent, and it was his duty to keep a constant watch for his personal safety. It will avail him nothing that he was not thinking of danger. He was in a position that if he omitted any reasonable care for his security, it was at his peril. There was safe ground upon which he could

stand, and he ought to have occupied it.   On this branch of the case the court instructed, that if defendant was guilty of greater negligence than plaintiff, still a recovery might be had.   This is not the law, and the instruction was highly calculated to mislead.   The doctrine of the comparative negligence of the parties has been so often declared by this court, that it is not necessary to restate it.   It is sufficient to refer to a few of our former decisions on this subject.    *C. & N. W. Ry. Co.* v. *Sweeney*, 52 Ill. 325 ; *C. B. & Q. R. R. Co.* v. *Van Patten*, 64 Ill. 510.

The evidence shows a watch or lookout was kept from the engine, but none from the rear car.   By a special verdict, the jury found the train had on it the usual number of hands, and that no one of the persons in charge was guilty of negligence in the discharge of his particular duty.   Hence the principal question in the case is, whether the company was guilty of negligence in not providing rules whereby a watchman should have been kept on the rear end of the train that produced the injury.

Whatever might be the duty of the company in this regard, so far as the public are concerned, where its track crosses a public highway, we are not prepared to hold it is under any such obligation to its own employees operating trains on its own private grounds.   They are presumed to contract against the hazards incident to the service, and we do not understand it is the duty of the company to place one employee on the lookout to warn others of approaching danger, and that it is necessary for them to observe due care.   It is their duty, without warning, to observe such care.   This is a part of their undertaking, and any omission is at their peril.

The evidence abundantly shows plaintiff knew the condition of affairs in the yards before he engaged in the service of the company.   He had been there long enough to become familiar with all the dangers to which he was exposed, and it must be presumed he contracted with reference to them, taking upon himself all responsibility.    *Moss et al.* v. *Johnson*, 22 Ill. 633.

It may be assumed as sound law, it is the duty of railroad companies to furnish a sufficient number of hands to operate their trains with safety. But there is no complaint in this case there were not enough hands on the train to operate it with entire safety. It is insisted, however, there should have been another servant on the train, whose duty it should be to warn plaintiff, and all others engaged in like service with him, of the approach of such danger as produced the injury to him. The company was under no such obligation. On entering the service all employees impliedly undertake to observe all proper care for their own personal safety without any warning as against the ordinary perils of their employment. Plaintiff knew, before he entered upon his employment, there was no person kept to perform any such duties. Prior to his injury he had been there five or six weeks, perhaps longer. It was time enough for him to ascertain whether he was willing longer to assume the risks incident to his employment, or whether it were safe to do so. If he became satisfied it was dangerous without a watchman, it was his privilege to abandon the service. The law is well settled, if he remained in the employment of the company when he knew the performance of the duties required of him would expose him to danger on account of the want of a watchman on the rear car, or for want of a sufficient number of hands to operate the train, it will be presumed he voluntarily assumed the risk, and waived whatever, if any, obligation rested on the company in that respect, and if injury ensued he must be held to be without remedy. *Ill. Cen. R. R. Co.* v. *Cox*, 21 Ill. 20 ; *Mad River & Lake Erie R. R.* v. *Barber*, 5 Ohio St. 541 ; *Wright* v. *N. Y. Cen. R. R.*, 25 N. Y. 562 ; Shear. and Red. on Neg. sec. 94.

All instructions in conflict with the views expressed in this opinion may be regarded as having been improperly given.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*