Kelley, Adm'r, vs. The Chicago, Milwaukee & St. Paul R'y Co.

KELLEY, Administrator, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*September 7 — September 27, 1881.*

RAILROADS. *(1) Negligence in running cars in car-yard. (2) Employee takes known dangers of employment.*

GENERAL AND SPECIAL VERDICTS. *(3) Presumption that a party's proofs followed his averments. (4) Which verdict prevails if they are inconsistent. (5-7) Presumption as to general verdict where there is a special verdict.*

1. The mere fact that in a railroad company's private yard, where cars are loaded and unloaded and trains made up, such cars are permitted to move along the tracks unattended by a brakeman, cannot be held negligence as matter of law, as against the company's servants employed in such yard.

2. One who undertakes an employment with full knowledge of the rules and methods pursued by the employer in the business, cannot recover from the employer for an injury happening in consequence of such methods.

3. In an action for injuries from negligence, where the specific acts constituting such negligence are averred in the complaint, it must be presumed here, in the absence of anything in the record to the contrary, that the evidence of negligence was confined to those acts, even where there is a general verdict for the plaintiff.

4. A general verdict cannot be upheld, if inconsistent with a special verdict in the case.

5. *Quære* whether, when a special verdict is demanded by either party, it is proper, under our statute, to take also a general verdict.

6. Where a special verdict was demanded and ordered, it will not be presumed here that the jury were also directed to find a general verdict.

7. After answering all the questions propounded for a special verdict, the jury added that they found "for the plaintiff to the amount of $2,000." In the absence of any proof in the record that the court directed a general verdict, this is construed as simply a finding of plaintiff's damages in case he were entitled to recover upon the facts of the special verdict.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

"This action is brought by the administrator of John Larkin, deceased, to recover damages of the defendant for negligently causing the death of said deceased. The record shows

that, at the time of receiving the injury which caused his death, the deceased was, and for some time previous thereto had been, in the employ of the railway company. The complaint charges the injury to have happened, *first*, by reason of the carelessness of the railway company; *second*, through the carelessness and negligence of its agents and servants. The facts relating to the employment and duties of the deceased, and the alleged negligence and carelessness of the defendant and its agents and servants, are set out as follows:

"'On and before the 26th day of August, 1879, the said John Larkin had been and was hired by the said defendant, and employed by it in and about the business of coupling and switching and taking care of the cars of said defendant in the yard of said defendant in the city of Milwaukee, in said county. In the performance of his duties as such servant, said Larkin was required to be at and near the tracks of said company in its said yard, and near elevator A, situated in the yard of said defendant; and the said Larkin was then and there charged with the duty of switching and coupling cars, and preventing injury to the property of said company, by collision or otherwise, in the moving of said cars on the various tracks in the yard of said defendant.

"'On or about said 26th day of August, 1879, the said defendant wrongfully, negligently, and in a grossly careless manner, allowed a freight car to run loose upon one of its tracks in said yard, on a down grade thereof, without any person being stationed thereon to set the brakes thereon, or to signal an alarm at its approach, and without any provision made for arresting the progress of said car when once in motion — the said defendant then and there well knowing that to allow a car so to run loose was grossly careless and negligent; and the said John Larkin, seeing such car advancing, and that the same was then and there in imminent danger of colliding with a switch-engine then and there being upon the same track, turned a switch, and thus prevented a collision by turning this car onto another track.

" 'At or about the same time, the said defendant wrongfully, carelessly and negligently allowed a certain other freight car to run loose out of said elevator A, and concealed from said Larkin, upon a track which crossed the track upon which said first-mentioned car had been switched, without any person being stationed thereon to set the brakes or to signal an alarm at its approach, and without any provision made for arresting the progress of the same when once in motion; the said defendant then and there well knowing that to allow a car so to run loose was grossly careless and negligent.' "

[The complaint then alleges that Larkin, knowing that the car last mentioned was in danger of colliding with the one previously mentioned, undertook, as was his duty, and without negligence on his part, to climb upon the top thereof by the outside ladder, in order to set the brake thereon and prevent the collision and destruction of property, but was fatally injured by the collision of the two cars before he could reach the top.]

" The answer is a general denial, and an allegation that the injury which caused the death of the deceased happened by reason of the negligence of the deceased.

" There was a jury trial, and a special verdict. After verdict, both parties moved for judgment thereon; and the court ordered judgment in favor of defendant, dismissing the plaintiff's complaint with costs, and denied the motion of the plaintiff for judgment in his favor."

The plaintiff appealed from the judgment.

For the appellant there was a brief by *Geo. B. Goodwin* and *John M. Connolly*, and oral argument by *Mr. Goodwin*.

*D. S. Wegg*, for the respondent.

TAYLOR, J. There was no bill of exceptions settled in the case, and this appeal brings up only the pleadings, verdict, motion for judgment, and judgment.

Larkin, the deceased, was injured and died while sec. 1816, R. S., was in force, which made the company liable to its em-

ployees for injuries occurring through the negligence of its other agents or servants.

Without setting out at length the thirty questions submitted to the jury for them to answer as their special verdict, it is sufficient for the purposes of this case to state that the jury have not found by their special verdict that the defendant company, or any of its agents or servants, were guilty of any carelessness or negligence which caused the injury resulting in the death of the deceased. No interrogatory was submitted to them upon that subject. This defect in the verdict must be fatal to the right of the plaintiff to a judgment in his favor, unless either it is cured by what is claimed to be a general verdict in his favor, or the finding that the cars which collided and caused the injury were permitted to run on the track out of the elevator, and on the track along-side of the same, without a brakeman thereon, is a sufficient finding of fact from which the court can infer negligence as a conclusion of law.

It is urged by the learned counsel for the appellant, that there is a general verdict in this case for the plaintiff; that such general verdict must be construed to have found in favor of the plaintiff upon all questions of fact, not covered by the special findings of fact, necessary to sustain the general verdict; and that it must be held, therefore, that the jury have found that the defendant was guilty of negligence which caused the injury. We have very grave doubts whether it is proper practice under our statute, when a special verdict is demanded by either party, to take a general verdict upon the whole case. Such a practice, it seems to me, would complicate the case so that it would be difficult to determine what issues were submitted to the jury for their special determination, and what were reserved to be covered by the general verdict. But, whatever may be the correct rule in respect to this question, we are of the opinion that in this case there was no general verdict rendered by the jury upon the whole case.

That part of the verdict relied upon by the learned counsel for the appellant as a general verdict upon the whole case in favor of the plaintiff, it seems to us, is simply an assessment of damages in his favor, supposing the plaintiff to be entitled to recover upon the facts found by the special verdict. The record shows that after the jury had answered all the questions propounded as a special verdict, they added thereto the following: "We, the jurors in the above entitled action, find for the plaintiff to the amount of $2,000."

As the record shows that a special verdict was demanded by the defendant on the trial, and that a special verdict was found by the jury, we must construe this finding as simply a finding of the damages sustained by the plaintiff in case he is entitled to recover in the action upon the special facts found, and not as a general verdict in his favor upon the whole case. A special verdict having been demanded and ordered, we are not to presume that the court directed the jury to find a general verdict upon the whole case. We do not think the difficulty in the special verdict is helped out by what is called the general verdict by the counsel for the appellant.

Can the court hold, as a conclusion of law, that the defendant, its agents or servants, were guilty of negligence, which caused the injury to the deceased, from the fact found that the two cars which collided and caused the injury were permitted to run upon the track in the defendant's yard without any brakeman on the same to control them? We think this question must be answered in the negative. Independent of any regulations made by the company for conducting their business in their yards, where cars are loaded and unloaded and made up into trains, we do not think the circuit court would be justified in holding, as a question of law, that it was the duty of the company to see that every car moved along its tracks, in its yards, should have some one in charge of the same whenever it was moved.

A court would probably be justified in declaring, as a mat-

ter of law, that it was negligence in a railroad company to permit its cars, or even a single car, to move along its track in a public place, such as a street crossing, or, perhaps, at its passenger depots, where the public are permitted to be upon and travel across its tracks, without having some one on the same to control its movements; but the question presented by this case is an entirely different question. The cars which were permitted to go along its tracks unattended, were in the private yards of the defendant, where no persons were expected to be present except its servants and agents, many of whom were present solely for the purpose of moving the cars on the tracks, without being upon the same as brakemen. If it was negligence to permit the cars to run unattended in the defendant's yard, where cars are loaded and unloaded and moved about for the purpose of making up trains, such negligence is not so apparent that a court may pronounce upon it as a matter of law. At most, it might be a fact to go to the jury upon the question of negligence. See *C. & N. W. Railway Co. v. Donahue*, 75 Ill., 106.

But the facts found by the special verdict show, beyond a doubt, that the deceased had no cause of complaint against the defendant because it permitted its cars to run unattended by a brakeman in said yard where he was employed. It appears, from the special verdict, that the deceased had often discharged the duties of car-coupler behind the elevator previous to the time when the accident happened, and that he was discharging such duties at that time; that he understood the custom of the yard as to handling cars behind the elevator; and that the cars which did the injury were moved at the time in the ordinary and usual way in which the business had been done at that point for the past fifteen years. These facts being found, it is clear that the deceased knew that it was the custom in that yard to permit the cars to run out of the elevator, and on the track outside thereof, without any brakemen on them, and also that it was a part of his duty at the time to

take such cars, as they came down upon these tracks, and place them in certain positions, as ordered at the time. If it was the habitual custom of the company to permit the cars to run upon said tracks without a brakeman, and such custom was known to the defendant before the accident, then the danger to himself arising out of such custom was one of the risks of his employment, and he could not recover of the company for any injury to himself resulting therefrom. It is well-settled law that an employee who undertakes an employment with full knowledge of the rules, regulations and methods of doing such business, cannot recover from his employer for an injury happening to him, and which results from such rules or methods. This court say, in the case of *Strahlendorf v. Rosenthal*, 30 Wis., 674–678, "that the plaintiff, when he contracted to work for the defendant in and about the sinking of the shaft, took upon himself the necessary and usual risks of the employment." In *Flannagan v. C. & N. W. Railway Co.*, 50 Wis., 462–472; *Same v. Same*, 45 Wis., 98, this court again say: "The plaintiff was well acquainted with the hazards of this business of handling cars in and about the yard in which he was engaged, . . . and he voluntarily assumed the risks attendant upon such employment." This doctrine is more fully discussed and affirmed in the following cases: *C. & N. W. Railway Co. v. Donahue*, 75 Ill., 106; *M. R. & L. E. Railroad Co. v. Barber*, 5 Ohio St., 541; *Wright v. Railroad Co.*, 25 N. Y., 562; *Baxter v. Roberts*, 44 Cal., 187. These cases, and many more which might be cited, clearly show that if deceased knew the manner of doing business in the defendant's yard, and remained in its employment after such knowledge, or entered such employment with such knowledge, then he could not recover for any injury to him resulting from such management, and consequently his administrator cannot recover in this action.

The special facts found show that the business had been conducted in said yard for many years previously as it was at the

time of the accident, and that the deceased had full knowledge thereof; consequently neither he nor his administrator is in a position to complain on account of any injury to his person resulting from such method of doing the business.

If the learned counsel for the appellant was right in his position that there is a general verdict in this case which must be construed to cover all the issues, and that the jury must have found that the defendant was guilty of negligence which caused the injury, still we think that such finding would be inconsistent with the special finding of fact that the business was done in the same manner at the time of the accident as it had been done for fifteen years previous, and that the defendant had frequently performed the same duties that he was performing when the accident occurred, and must, therefore, have had knowledge thereof. The complaint alleges no act of negligence on the part of the defendant except that it, and its servants and agents, permitted the cars to run out of the elevator, and on the track beside the elevator, without any brakeman or other person to control them; and, in the absence of any bill of exceptions showing any other alleged negligence on the part of the defendant, it must be presumed that the plaintiff's proofs were confined to the allegations in the complaint, and that the jury, if they have found the defendant guilty of any negligence, must have based such finding upon that fact, and that alone. But, as we have said above, that fact, explained as it is by the special findings, is no ground for charging the defendant with negligence. A general verdict finding negligence on the part of the defendant for that reason, could not stand, being inconsistent with the special findings. *Lemke v. C., M. & St. P. Railway Co.*, 39 Wis., 449.

In this view of the case it is unnecessary to discuss the question as to the contributory negligence of the deceased, upon which the special findings of the verdict are somewhat in conflict. We think the judgment of the circuit court should

be affirmed upon two grounds: *first*, that the verdict does not find that the defendant's negligence caused the injury to the defendant, nor any facts from which such negligence can be affirmed as a question of law; *second*, that the special findings show that the injury of the deceased, so far as it was the result of any act of the defendants, its agents or servants, was the result of the manner of doing the business in the defendant's yards, of which the deceased had full knowledge long before the accident occurred, and was therefore one of the risks of his employment, for which he could have no action against the defendant, and consequently his administrator could have none.

*By the Court.*— The judgment of the circuit court is affirmed.