[Civ. No. 566.   First Appellate District.—April 29, 1909.]

# MATHEW RYAN, Respondent, v. OAKLAND GAS LIGHT AND HEAT COMPANY, Appellant.

NEGLIGENCE—CAVE OF UNBRACED TRENCH WALL UPON PLAINTIFF EM-
PLOYEE—PLEADING—AMENDMENT DURING TRIAL—WEAKENING OF
EARTH BY UNKNOWN TRENCH.—In an action to recover damages al-
leged to have been suffered from defendant's negligence in failing to
brace a trench wall, which fell upon plaintiff while employed by
defendant in digging the trench, the court properly allowed an
amendment to the complaint to set forth a fact discovered during
the trial, which was before known to defendant and unknown to
plaintiff, that the earth, which seemed to be solid from grass upon
the top, was weakened by a prior trench excavated by the defend-
ant close to the wall, which was covered with loose soil, and was an
additional cause of the caving of the trench upon which plaintiff
was employed.

ID.—DISCRETION — AMENDMENT IN FURTHERANCE OF JUSTICE — NEW
CAUSE OF ACTION NOT STATED.—It was not only within the discre-
tion of the court to allow the proposed amendment of the complaint,
if necessary, to set up new facts developed during the trial, which
did not constitute a new cause of action for negligence, but merely
stated another and additional fact so developed, which is claimed
to have caused or contributed to the caving in of the trench; but
the court properly allowed the same in furtherance of justice, and
with a view to disposing of the case on its merits.

ID.—AMENDMENT TO CONFORM TO EVIDENCE—DEFENDANT NOT SUR-
PRISED—TERMS NOT REQUIRED.—Where the proposed amendment
was made to conform to evidence, which did not take defendant
by surprise, and defendant asked for no continuance to allow
further evidence on his behalf, the court was not required to impose
such terms for the amendment as would be required if a continuance
were made necessary thereby.

ID.—KNOWLEDGE OF PLAINTIFF—ASSUMPTION OF RISK OF PERIL INCI-
DENT TO EMPLOYMENT.—If plaintiff knew the kind of soil in which
the trench was being excavated and all the facts surrounding the
same, and the danger, if any, to which he was exposed, he took upon
himself the risk and peril incident to his employment.

ID.—UNKNOWN FACTS BEARING ON DUTY TO BRACE WALL—QUESTION
FOR JURY.—Whether the depth of the soil, the hidden causes known
only to defendant and the character of the soil were such facts
as to make it the duty of the defendant to brace the trench, was
a question peculiarly for the determination of the jury.

ID.—REQUESTED INSTRUCTION OF DEFENDANT—EVIDENCE OF MATERIALS AND WORK FURNISHED TO BRACE TRENCH—IMPROPER MODIFICATION. When the defendant introduced evidence that it furnished materials, implements and competent workmen to brace the trench wherever necessary, and requested the court to instruct the jury to the effect that the defendant discharged its duty when it did so, and "if these persons were guilty of negligence in not bracing the trench and it caved, the defendant company cannot be charged with negligence for such caving, or held liable for the damages resulting to plaintiff from such caving," it was prejudicial error to modify the same so as to state that "it partially discharged its duty," and that if those persons were guilty of negligence in not bracing the trench, the act being one which it was the duty of the employee to perform, the defendant company is responsible.

ID.—IMPROPER INSTRUCTION AS TO "MATTERS OF FACT."—The instruction as modified was in violation of the provision of section 19 of article IV of the constitution that "judges shall not charge juries with respect to matters of fact."

ID.—INCONSISTENT INSTRUCTIONS GROUND OF REVERSAL.—Where the requested instruction as modified and given is inconsistent with another instruction given as to the nonliability of defendant, if the jury should find that plaintiff was injured from neglect to brace up the trench, and that defendant provided materials therefor and a carpenter to aid in putting in the bracing, their verdict in such case must be for defendants, on the ground that the carpenter and the plaintiff were fellow-servants, such inconsistent and contradictory instructions are ground for reversal.

ID.—EXPERT EVIDENCE AS TO EFFECT OF PRIOR TRENCH.—The court did not err in admitting the expert evidence of the civil engineer, as to the effect of the prior trench in weakening the walls of the trench in which plaintiff was working. If that subject were matter of common knowledge, such evidence would not be prejudicial.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Myrick & Deering, for Appellant.

Fitzgerald & Abbott, for Respondent.

COOPER, J.—This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff by reason of defendant's negligence in allowing the walls

of a trench in which plaintiff was working to fall upon him. The jury returned a verdict in favor of the plaintiff, on which judgment was duly entered. The court denied the motion of the defendant for a new trial, and this appeal is from the judgment and order denying said motion.

The court did not err in denying defendant's motion for a nonsuit, as there is evidence sufficient to support the verdict. It would serve no useful purpose to discuss the evidence in detail, and we will not do so except so far as necessary to the discussion of other questions raised by appellant.

There was no error in allowing the plaintiff to amend the complaint during the progress of the trial. In the original complaint the negligence of defendant was alleged to consist in its failure to brace the walls of the trench where plaintiff was engaged in digging the earth and deepening the trench, it being alleged that the plaintiff did not know of the danger to which he was exposed, and that such danger was well known to the defendant. The language of the original complaint as to the particular facts is as follows: "that the upper stratum of the wall and bank of said trench, which at said time and place fell and caved in on plaintiff, as hereinafter stated, was to plaintiff, and to the common understanding, apparently, visibly and palpably composed of a compact adobe or clay soil about two feet thick, on which grass was growing; that the middle and lower portion of said wall and bank was to plaintiff, and to the common understanding, apparently, visibly and palpably of a slightly damp, firm soil, in which were no cracks; that said wall and bank, to plaintiff's eye and mind, and as a matter of common observation, showed no danger of falling or caving in on plaintiff, without being propped, or braced or secured, and showed no evidence of weakness; that as a matter of fact, the said wall or bank was not of a stable or fixed nature; and the soil of which it was composed was not of the firm, solid and compact character which from its outward side, plaintiff believed it to be, as aforesaid; but, on the contrary, was composed of loose earth that had been used to fill in said street; its said outward side was only about three feet distant from a brick wall possessed by, and in the use of, defendant, and fronting on said Grove street, and against which brick wall said side of said trench rested; that because of the said character of said soil of said side of said trench, and its said situation, the said bank of said

trench, when said trench was excavated to the depth of five or six feet, as aforesaid, was liable to, as it in fact did, as hereinafter stated, fall away from said brick wall and cave in.''

It was disclosed by the evidence during the trial that the defendant, about a year prior to the accident to plaintiff, had had excavated another trench about eighteen inches deep, and about two feet wide, between the said brick wall and the trench where plaintiff was working, and had laid therein an iron pipe, after which the said small trench was refilled with earth so as to leave no visible trace of its having been excavated. It was the theory of the plaintiff, upon such facts being developed, that the small trench that had been excavated and filled with earth about a year prior to the time the plaintiff was injured, as it ran parallel with and very near to the trench in which plaintiff was at work, weakened the wall of the trench where plaintiff was at work, and thus caused the wall on the side nearest the old trench to give way and fall in on plaintiff. Plaintiff claimed that he knew nothing about the digging of the old trench until it developed during the trial. In the amended complaint the plaintiff stated said new matter as follows: ''That on or about one year prior to the 5th day of July, 1904, the said defendant excavated another trench about eighteen inches deep and two feet wide between said brick wall and the said trench where said plaintiff was working, parallel therewith for twenty feet or more, and about two feet distant therefrom, and laid an iron pipe about two inches in diameter in the said trench excavated prior to July 5th, 1904, as aforesaid, and then filled in said last-mentioned trench so as to leave no visible trace thereof; that the excavating of the last-mentioned trench and the laying of an iron pipe therein, as aforesaid, weakened the wall of the trench in which plaintiff was working, and made it dangerous to the life, body and limbs of plaintiff while employed as aforesaid, unless the walls and banks of said last-mentioned trench were properly braced; that plaintiff was never informed by defendant, and was entirely ignorant of the fact, that another trench had been excavated as aforesaid between said brick wall and the trench in which he was working, as herein set forth.''

The evidence tended to show a different or additional cause for the caving of the trench in which plaintiff was working other than that specifically set forth in the original complaint.

In our opinion, if it was necessary to set up such facts in the complaint, it was not only in the discretion of the court to allow the amendment, but it properly allowed it in further-ance of justice and with a view to disposing of the case on its merits. The jurors and the witnesses were present, and the trial was in progress, and then and there was the time for the court to liberally exercise its discretion in allowing amendments for the purpose of arriving at the truth. No doubt but that if the amendment has necessitated a continu-ance, or required further evidence on the part of defendant, such continuance would have been granted upon such terms as would have been just and proper; but it does not appear that the defendant was taken by surprise, or that any continuance was asked for. The amendment did not state any new cause of action. The cause of action was based upon defendant's negligence, which it is alleged caused the wall to cave in upon plaintiff. The amendment only stated another and addi-tional fact developed during the trial, which plaintiff claimed caused or contributed to the falling in of the bank of the trench.

The court committed prejudicial error in refusing to give defendant's instruction numbered 19, and in giving it as modi-fied by the court without the consent of defendant. Under the pleadings in the case it was made an issue as to whether or not it was the duty of the defendant to brace the walls of the trench. It is alleged that the wall ''fell and caved in on plaintiff, whereby, and because of the said carelessness and negligence of defendant and its said superintendent and vice-principal, in failing and neglecting to brace and secure said bank and wall to prevent it from falling and caving in,'' plaintiff was injured. The answer denied that the ''place was dangerous to the life, body or limbs of plaintiff while em-ployed therein, unless the walls and banks of said trench were braced and secured from falling or caving in on plaintiff while standing therein; and denies on information and belief that said danger consisted in the liability that the walls or banks might fall or cave in on plaintiff while working in the trench in which he was employed because of the character of the soil.'' The answer further denied and averred as follows: ''Denies that plaintiff was on the fifth day of July, 1904, when working in said trench, inexperienced as to, or ignorant of or did not know the risks and danger to his life, body and limbs

attendant upon said excavation and construction of said trench to the depth and width in said complaint alleged and to the depth and width in which said trench actually was excavated at the time of said accident, without having the said bank and walls braced and secured; avers that the danger of said walls or banks falling or caving in on plaintiff was as apparent, visible and palpable to plaintiff and as open to common observation as to this defendant, and further avers that it was a risk and peril commonly incident to plaintiff's employment, and a peril which could have been discovered by the use of ordinary care, and in this behalf denies that the said danger was not apparent or visible or palpable to plaintiff or open to common observation, and denies that it was not a danger or peril commonly incident to plaintiff's employment or a peril which he could have discovered by the use of ordinary care.''

If the plaintiff knew the kind of soil in which the ditch or trench was being excavated, and all the facts and circumstances surrounding the same, and the danger, if any, to which he was exposed, he took upon himself the risk and the peril incident to his employment. Ordinarily a laborer employed to dig a trench four or five feet deep, where the surface of the earth had not been disturbed on some prior occasion, and where there was no hidden or unknown danger, would do so at his own risk, and could not recover for injuries caused by an unforeseen accident. In this case, however, the plaintiff attempted to show an exception to the general rule by proving that the bank caved by reason of a hidden cause known to the defendant and unknown to the plaintiff, and that such hidden cause made it incumbent on defendant to brace the banks of the trench so as not to endanger the plaintiff while working therein. It was therefore the pivotal point in the case as to whether the locality of the trench, and its proximity to a danger known to defendant and unknown to the plaintiff, made it incumbent on the defendant, and a part of its duty, to brace the walls of the trench where plaintiff was working. Defendant claimed, and offered evidence to prove, that it furnished materials, implements and competent workmen to brace the trench wherever necessary and that it did all it could do when it so supplied materials and fellow-workmen to keep the place where plaintiff was at work in a safe condition. In accordance with this theory it offered the fol-

lowing instruction, numbered 19, and asked that it be given to the jury, to wit:

"A master is not bound to follow the details of the work which he has employed others to do. So far as any duty on the part of the defendant is concerned to brace the side of the trench, the defendant company discharged that duty when it furnished the material to brace, furnished competent men to put in the braces, and a competent man to see that it was done; if these persons were guilty of negligence in not bracing the trench, and it caved, the defendant company cannot be charged with negligence or held liable for the damages resulting to plaintiff from such caving."

The court refused to give said instruction, but modified it so that it read as follows:

"A master is not bound to follow the details of the work which he has employed others to do. So far as any duty on the part of the defendant is concerned, to brace the side of the trench, the defendant company partially discharged that duty if it furnished the materials to brace, furnished competent men to put in the braces, and a competent man to see that it was done; if these persons were guilty of negligence in not bracing the trench and it caved, the act being one which it was the duty of the employer to perform, the defendant company is responsible"—and gave it as thus modified.

It is thus seen that the court refused to instruct the jury that the defendant discharged its duty if it furnished the material with which to brace the trench and competent men to put in the braces, but that in such case the defendant had only partially discharged its duty. It also instructed the jury that it was the duty of the defendant to brace the trench. We cannot read the instruction with any other meaning. "The act being one which it was the duty of the employer to perform." In other words, the jurors were told that if the defendant furnished the material with which to brace the trench, and competent men to see that the bracing was done, and the men did not brace the trench, the defendant failed to perform its duty, and "the defendant company is responsible." Whether the depth of the soil, the hidden causes known only to defendant, and the character of the soil, were such facts as to make it the duty of the defendant to brace the trench, was a question peculiarly for the determination of the jury. We cannot say that the instruction was not in-

jurious to defendant. It took away from the jury the right
to decide as to whether it was the duty of the defendant to
brace the trench. It told them that if the men employed by
defendant to brace the trench did not brace it, the defendant
was guilty of negligence and responsible.

The court submitted special issues to the jury as to whether
or not defendant provided lumber, materials and implements
sufficient in quantity and quality so that the walls of the
trench might be braced, and as to whether or not it furnished
men, and gave instructions to so brace the trench. It was
perfectly useless to submit such issues to the jury when the
court informed them that it was the duty of the defendant
to brace the trench. It was an admitted fact that the trench
was not braced. The jury was thus told that it was the de-
fendant's duty to brace the trench, and in effect told that
the employees of defendant did not brace it, and that the de-
fendant was responsible.

It is declared in the constitution of the state (article VI,
sec. 19) : "Judges shall not charge juries with respect to mat-
ters of fact, but may state the testimony and declare the law."
In *Weiderkind* v. *Tuolumne C. W. Co.*, 65 Cal. 431, [4 Pac.
415], the court below instructed the jury: "If you find from
the evidence that the defendant did not have sufficient gates
to let out the water so as to prevent any break that occurred
below the top of the dam from being enlarged by the con-
tinual flow of the waters through it, then said dam was in-
sufficiently and negligently constructed. It should have had
gates sufficient to let all the water out by degrees so as to
prevent a flood below by a sudden breakage of the dam."
The judgment was reversed, and the court said: "The court
might as well have charged them that if the dam was not of
certain dimensions, or constructed of a particular kind of
material, it was insufficiently and negligently constructed.
The defendant had a right to have the opinion of the jury on
those questions."

In *City of Santa Ana* v. *Gildmacher*, 133 Cal. 395, [65 Pac.
883], it appeared that the court, in an action to condemn a
strip of land for a sewer, instructed the jury to find for the
defendant on the question of the necessity for the condemna-
tion; and the instruction was held to be a charge as to a mat-
ter of fact, and erroneous. The court said that the question
as to the necessity of the condemnation is one of fact, to be

determined by the jury in view of all the evidence in the case.

See, further, *Holloway* v. *Pasadena etc. Ry. Co.*, 130 Cal. 177, [62 Pac. 478]; *Manning* v. *App Cons. G. M. Co.*, 149 Cal. 35, [84 Pac. 657]; *Hampton* v. *Occidental etc. S. S. Co.*, 139 Cal. 706, [73 Pac. 579]; *Kerrigan* v. *Market St. Ry. Co.*, 138 Cal. 506, ]71 Pac. 621]. In the last-mentioned case the court instructed the jury: "In connection with the foregoing instruction I further charge you that stakes or uprights were a necessary part of said flat car as it was used on May 3, 1898; that said stakes were appliances within the rule which requires a master to furnish, with reasonable care, proper and adequate appliances for the purpose of carrying on the proposed work." The court in its opinion, in which it held the instruction to be erroneous, and a charge as to a matter of fact, said: "The court practically told the jury that it was the duty of the defendant to adjust proper stakes or uprights on said car on the day of the accident. Whether or not it was defendant's duty to do so was, in view of certain evidence relied on by the defendant, for the jury to determine from all the evidence in the case."

The instruction is not only erroneous in the respect pointed out, but it is contradictory of another instruction, numbered 24, in which the court stated to the jury as follows: "Thus you are instructed that if you find that the plaintiff was injured by reason of the falling of the side of the trench because it was not braced or shored up, yet if you also find that the defendant did furnish materials to brace the banks of the trench so that it could not fall, and also a carpenter to aid in putting in such bracing, and that the plaintiff and said carpenter were engaged in the same general employment, then I instruct you that the neglect to brace the banks was the neglect of fellow-servants of the plaintiff, and that he cannot recover damages herein, but that your verdict must be for the defendant." In this instruction the jurors were told that the neglect to brace the banks by fellow-servants was not the neglect of defendant, and that in such case the verdict must be for the defendant; while in instruction numbered 19 hereinbefore quoted the jurors were told that for negligence of the men "in not bracing the trench, the act being one which it was the duty of the employer to perform, the defendant company is responsible." Where instructions are

inconsistent and contradictory, and it is impossible to tell which instruction was followed by the jury in reaching their verdict, the case will be reversed. (*Sappenfield* v. *Main St. etc. R. R. Co.,* 91 Cal. 48, [27 Pac. 590] ; *People* v. *Westlake,* 124 Cal. 452, [57 Pac. 465] ; *Lemasters* v. *Southern Pacific Co.,* 131 Cal. 105, [63 Pac. 128] ; *Quint* v. *Dimond,* 147 Cal. 707, [82 Pac. 310].)

The court did not err in admitting the evidence of the civil engineer Brier as to the effect of the old and small trench and the pipe laid therein upon weakening the walls of the trench in which plaintiff was working. While it would probably appear to most practical men that the effect of such small ditch and the pipe being laid therein would be to weaken the walls of the ditch in which plaintiff was working, yet we are not prepared to say that such fact would be a matter of common knowledge to the extent that the testimony of an expert would not be admissible. (*Fraternal Construction Co.* v. *Jackson,* 28 Ky. Law Rep. 383, [89 S. W. 265] ; *Quigley* v. *H. W. Johnson Mfg. Co.,* 26 App. Div. 434, [50 N. Y. Supp. 98] ; *Callan* v. *Bull,* 113 Cal. 593, [45 Pac. 1017].) If it be conceded that the matter was one of common knowledge, it was not prejudicial error in this case to admit the evidence. The evidence of an expert as to an undisputed fact of common knowledge could not injure anyone.

We do not deem it necessary to discuss any other point. The judgment and order are reversed.

Hall, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 27, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 28, 1909.