[Civ. No. 3668. First Appellate District, Division One.—December 10, 1920.]

MARY DUNNE, as Administratrix, etc., Appellant, v. WALKER D. HINES, as Agent, etc., Respondent.

[1] NEGLIGENCE—SHUNTING OF CARS ON TO INDUSTRIAL TRACK—ABSENCE OF LIGHT OR WARNING—DEATH OF LABORER—ERRONEOUS INSTRUCTIONS.—In this action for damages for the death of a laborer who was run over by certain railroad cars which had been shunted at night, without a light thereon and without a brakeman or anyone thereon to control their movements or to give warning of the approach thereof, on to the track in an industrial yard where the deceased was working, the instructions given by the trial court not only misstated the law, but were contradictory, and directed a verdict for the plaintiff upon a finding by the jury of various facts specified therein, without embracing all the things necessary to show the legal liability of the defendant, and to warrant the direction, or conclusion that the plaintiff was entitled to a verdict.

[2] ID.—INSTRUCTED VERDICT FOR PLAINTIFF—WHEN PROPER.—A court might be justified in declaring as a matter of law that it was negligence, under some circumstances, for a railroad company to permit its cars, or even a single car, to move along its track, without having someone on the same to control its movements, or without a warning light; but where the cars were permitted to go along the track in an industrial yard, where no person might be expected to be present except those who might be familiar with the customary conditions existing and the mode of conducting the business of the place, the court cannot say, as a matter of law,

that it was negligence to permit the cars to be operated in that manner.

[3] Id.—Operation of Cars Without Light or Attendant — Province of Jury—Erroneous Instructions—New Trial.—In such case, whether it was negligence or not for the servants of the railroad company to shunt the cars on to the track where the deceased was working, without stationing someone on the foremost car, to signal its approach, and without having a light thereon, was controlled by all the circumstances under which the cars were operated, as disclosed by the testimony, and was purely a question of fact for the jury; and the error of the trial court, by its instructions, in taking the right and duty of deciding the question away from the jury justified it in granting a new trial.

[4] Id.—Cause of Death—Absence of Eye-witnesses—Exercise of Due Care—Presumption—Questions for Jury.—While it is true that when death is caused under circumstances, such as in this case, without eye-witnesses, the presumption arises that the deceased was exercising due and proper care for his own safety, such presumption is controvertible, and it still remains for the jury to say whether or not, under all the circumstances of the case, the acts on the part of the defendant complained of amounted to negligence.

APPEAL from an order of the Superior Court of San Mateo County granting a new trial. John L. Hudner, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Robert H. Borland for Appellant.

Edward F. Fitzpatrick, A. Kincaid and Henley C. Booth for Respondent.

WASTE, P. J.—Plaintiff, as administratrix of the estate of Thomas Dunne, deceased, brought this action against Walker D. Hines, as Director-general of Railroads of the United States Railroad Administration, to recover for the death of the decedent, alleged to have been killed through the negligent operation of cars belonging to the Southern Pacific Company, at a time while said Dunne was engaged in the performance of his duties as a laborer in the yard of the Pacific Coast Steel Company. The defendants filed an answer in which they denied all the allegations of the

complaint, and stated that said decedent, Thomas Dunne, was killed through his own negligence and by colliding with the car of the defendants. Trial was had by jury, which returned a unanimous verdict for the plaintiff in the sum of fifteen thousand dollars. Judgment was entered accordingly. The defendants made a motion for a new trial, which was granted, from which order the plaintiff has appealed.

The motion for a new trial was based upon several grounds, to wit: excessive damages; insufficiency of the evidence to justify the verdict; that said verdict was against law, and errors of law occurring at the trial. The order of the court was as follows: "It was never pretended by anyone that the deceased was not killed by defendant's cars moving in the night-time without lights or a lookout. This want of lights or a lookout is claimed by plaintiff to constitute negligence rendering the defendant liable for the death; and the court at plaintiff's request so instructed the jury, thereby eliminating any other question or consideration and leaving nothing for the jury to do but fix the amount of the damage. The instruction was tantamount to a direction to find for plaintiff. A verdict so based cannot be sustained, and a new trial—regrettable though it be—must be granted. Accordingly the verdict is set aside and a new trial of the above-entitled action is hereby ordered."

"When a new trial is granted upon the ground of the insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order, it will be presumed that the order was not based upon that ground." (Code Civ. Proc., sec. 657.) It becomes unnecessary, therefore, for us to examine the testimony which was brought here by the alternative method. Respondent is not here contending that the verdict was excessive, hence our examination narrows to a consideration of certain instructions amounting, in the opinion of the trial court, to errors of law warranting the granting of the new trial.

On the night in question a number of gondola cars, in which scrap iron and steel had been hauled into the yards of the Pacific Coast Steel Company, were being unloaded by the use of an electric magnet suspended from a traveling crane, by means of which the scrap was transferred from the cars to a pile alongside of the track. Thomas

Dunne, the decedent, was instructed by the night foreman to clean out the gondolas of any scrap iron which the magnet did not pick up, and also to clear the track between the cars and near the scrap pile, in order that the switching of the cars might not be obstructed. Such had been his particular duty for about a month, and he had worked in the yard for about twice that time. He was last seen alive by the night foreman about 1:30 o'clock on the morning of the 23d of August, 1918, at which time he was engaged in throwing scrap out of the cars, which were then spotted on the scale and crane track, about ten or eleven car-lengths from the scale. At that time the foreman told him to walk back along the track toward the scale, as soon as the cars were empty, and see that the track was cleared of all scraps so that the engine of the defendant could come in and move the cars. Some time later Arnall, the switching foreman, in charge of defendant's crew, went up this track to see if it was clear. He found Dunne working in one of the gondola cars, and told the decedent that "they were coming in on the track." He had warned Dunne a number of times about keeping out of the way of the trains and cars when they were being switched. The night in question was clear and the decedent could plainly see from where he was working, a distance of several hundred feet along the track, in the direction from which the cars would come in.

Arnall then caused his crew to shunt eight cars over the scale, allowing them to drift, with no light on the front end, and with no brakeman in place to control the cars, or give warning of their approach. Fifteen minutes afterward the switching foreman found the body of the decedent, lying at right angles to the track, face downward, nearly severed at the waist, with the head between the rails. Absence of a light, and the brakeman, or anyone to give warning of the approach of the cars while switching was customary, and was admitted as a fact in the case.

The court instructed the jury, at the request of the defendant, that if the deceased had been notified that the cars were about to be operated on the track, it was not negligence for the defendant to operate the same without showing any lights, or having a man on the front of the car, or giving any other warning, and that their verdict should

be for the defendants, unless the lack of the man or lights was the proximate cause, without his fault, of the decedent's death, while in another part of the charge, at the request of the plaintiff, the jury was instructed to find for the plaintiff if it found that the defendants carelessly, negligently, and without giving warning or displaying a light on the front of said cars shunted or pushed a string of empty cars over and upon the decedent. The jury was further instructed, at plaintiff's request, that if at the time of the accident "the defendants were operating a switching engine and pushing cars ahead of said engine and that at said time there was no light displayed on the head of the car of said train, or that by reason thereof" the decedent was killed, "the failure to display said light was negligence on the part of the defendant," and immediately following, also at the request of the plaintiff, "that it is negligence *per se* to set a single car in motion at a place where human beings are allowed and likely to be injured without having a lookout or workman thereon in a position to perceive or avoid danger to said persons and warn said persons of the approach of said cars." These instructions were followed by the giving of the following:

"I instruct you that if at the time of the accident in question the defendants, their agents or employees were pushing, shunting or otherwise propelling cars ahead of the switch engine belonging to the defendant and that no light was displayed on the front of the first of said cars and that no switchman or workman was riding upon said car in a position to see or give warning of the approach of said car and that by reason thereof the said Thomas Dunne was injured, then I instruct you that your verdict should be for the plaintiff.

"I instruct you that at night a light must be put upon a moving and backing train sufficient to warn persons attempting to cross the track at lawful places of the approach of said train.

"I instruct you that if you believe from the evidence that Elmer Arnall was the foreman in charge of said switching crew and that he, the said Elmer Arnall, had no notice or knowledge that the defendant Thomas Dunne was working on the said track in the vicinity where he was

killed and that he the said Elmer Arnall failed to place a light on the first car being pushed ahead of said engine or to place a switchman thereon and that as a result of said failure so to do the said Thomas Dunne was injured or killed, then I instruct you that your verdict must be for the plaintiff.''

[1] These instructions not only misstate the law, but are contradictory, and directed a verdict for the plaintiff upon the finding by the jury of the various facts specified therein, without embracing all the things necessary to show the legal liability of the defendant, and to warrant the direction, or conclusion that the plaintiff was entitled to a verdict. (*Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176, 183, 184, [118 Pac. 700] ; *Killelea* v. *California Horseshoe Co.*, 140 Cal. 602, 604, 605, [74 Pac. 157].) Appellant contends that other instructions correctly state the law in these respects, as favorably to the defendant as was warranted. But the giving of these other instructions, if appellant be correct in her estimation of their effect, only served to produce a still greater conflict in the instructions, and it is impossible for us to say which portion of the charge the jury followed in arriving at a verdict in favor of the plaintiff. The trial court was convinced that the jury was improperly influenced by the instructions, and much is committed to its discretion in considering such grounds for a new trial. (*Thompson* v. *California Construction Co.*, 148 Cal. 35, 38, [82 Pac. 367].)

The instructions misstated the law. [2] A court might be justified in declaring as a matter of law that it was negligence, under some circumstances, for a railroad company to permit its cars, or even a single car, to move along its track, without having someone on the same to control its movements, or without a warning light; but the question presented by the case is an entirely different one. The cars were permitted to go along the track in an industrial yard, where no persons might be expected to be present except those who might be familiar with the customary conditions existing, and the mode of conducting the business of the place. If it was negligence to permit the cars to be operated as described, it was not such that the court could pronounce it negligence as a matter of law. (*Kelley* v. *Chicago M. & St. P. Ry. Co.*, 53 Wis. 74, [9 N. W. 816].)

[3] Whether it was negligence or not for the servants of the railroad company to shunt the cars on to the scale track, without stationing someone on the foremost car, to signal its approach to the decedent, or any other persons who might be on or near the track, and without having a light thereon, wàs controlled by all the circumstances under which the cars were operated, as disclosed by the testimony, and was purely a question of fact for the jury to determine. (*Carraher* v. *San Francisco Bridge Co.,* 81 Cal. 98, 102, [22 Pac. 480]; *Southern Ry. Co.* v. *Daves,* 108 Va. 378, [61 S. E. 748].) The trial court, by its instructions, took the right and duty of deciding the question away from the jury, and its action was clearly erroneous. (*Ryan* v. *Oakland Gas etc. Co.,* 10 Cal. App. 484, 489, [102 Pac. 558].)

[4] While it is true, as argued by appellant, that when death is caused under circumstances, such as these, without eye-witnesses, the presumption arises that the decedent was exercising due and proper care for his own safety, such presumption is controvertible, and it still remains for the jury to say whether or not, under all the circumstances of the case, the acts on the part of the defendant complained of amounted to negligence. (*Crabbe* v. *Mammoth Channel G. M. Co.,* 168 Cal. 500, 506, [143 Pac. 714]; *Ross* v. *San Francisco-Oakland Terminal Rys. Co.,* 47 Cal. App. 753, [191 Pac. 703, 707].)

The order granting a new trial is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1921.

All the Justices concurred.