BOARD OF LEGISLATION COMPENSATION — WITHOUT LEGISLATIVE POWERS (1) The Board of Legislative Compensation cannot require members of the Legislature to pass specific legislation as a condition for receiving a particular compensation. (2) The appointing authorities, the Governor, Speaker of the House, and President Pro Tempore of the Senate, may recall the existing Board of Legislative Compensation for the purpose of adopting an Order to make the records of that Board meaningful and in full compliance with the Oklahoma Constitution. The Attorney General has considered your request for an opinion on the questions outlined substantially as follows: "1. May the Board of Legislative Compensation impose a condition requiring the passage of specified legislation as a condition to a change in the compensation of legislators?" "2. If the condition of the passage of legislation is not a valid condition, what is the status of the October 27, 1970 Order of the Board of Legislative Compensation?" The Pertinent portions of Article V, Section 21 of the Oklahoma Constitution reads as follows: ". . .Members of the Legislature shall receive such compensation as shall be fixed by the Board on Legislative Compensation. Said Board shall each two years review the compensation paid to the members of the Legislature and shall be empowered to change such compensation; such change to become effective on the fifteenth day following the succeeding general election. . ." With respect to the first question, we point out that the Board on Legislative Compensation has only such powers as are granted to it by the Oklahoma Constitution in Article V, Section 21. This Section provides that the "(M)embers of the Legislature shall receive such compensation as shall be fixed by the Board on Legislative compensation." The Board reviews the compensation paid to the "members of the Legislature, and shall be empowered to change such compensation." The wording of the constitutional provision is plain, clear and unambiguous and its evident meaning must be accepted. See State ex rel Ogden v. Hunt, 286 P.2d 1088; and Hines v. Winters, 320 P.2d 1114. The Attorney General has also considered the relationship of the Board to the Legislature. Article IV, Section 1 of the Oklahoma Constitution provides: "The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive and Judicial Departments of Government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others." In Threadgill v. Cross, 26 Okl. 403, 102 P. 558 (1910), the Oklahoma Supreme Court held: "(I)n the Legislative Department of the Government is vested the power of enacting all laws. To that Department is entrusted the determination of what laws shall be enacted, and what laws shall not be enacted." The Board on Legislative Compensation is outside the Legislative Branch of State Government. While its authority relates directly to the members of the Legislature for the purpose of determining "compensation. . .", it is in no way granted legislative powers. Therefore, a requirement by the Board that specified legislation must be passed by the Legislature as a condition to receiving a particular compensation does violence to the constitutionally required separation of powers of departments of State Government. It is therefore the opinion of the Attorney General that your first question must be answered in the negative. The Board on Legislative Compensation cannot require members of the Legislature to pass specified legislation as a condition for receiving a particular compensation. Your second question requires a consideration of the October 27, 1970 Order of the Board on Legislative Compensation in light of the holding on your first question. Because the condition discussed in Question No. 1 is essential to the meaning of the entire Order of the Board, the language cannot be severed from the Order in such a way that the Order is meaningful. The Board obviously relied upon the validity of the condition in formulating the legislative compensation. It therefore becomes impossible to construe the Order in its entirety because its total effect is dependent upon the condition contained therein. It is further the opinion of the Attorney General that your second question be answered as follows: The Order of the Board on Legislative Compensation, dated October 27, 1970, is meaningless and not subject to interpretation because of the invalidity of the condition contained therein and since the Order is not properly constituted in accordance with the provisions of Article V, Section 21 of the Oklahoma Constitution. It is further the opinion of the Attorney General that the appointing authorities, the Governor, Speaker of the House, and President Pro Tempore of the Senate, may recall the existing Board for the purpose of adopting an Order to make the records of the Board and the Order of October 27, 1970 meaningful and in full compliance with the Oklahoma Constitution. (Larry Derryberry)