[No. 12115.    Department One. — October 11, 1889.]

MICHAEL CARRAHER, RESPONDENT, *v.* SAN FRANCISCO BRIDGE COMPANY, APPELLANT.

INSTRUCTION — ASSUMPTION OF FACT. — An instruction to the jury to the effect that the "plaintiff claimed" that a certain fact was shown by the evidence is not an assumption by the court that such fact was shown.

ID. — NEGLIGENCE — RAILROAD — FAILURE TO SLOW TRAIN OR STATION FLAG-MAN AT CROSSING. — In an action against a railroad company to recover damages for injuries inflicted on the plaintiff at a crossing of its road, by reason of the alleged negligent manner in which the defendant ran the train causing the injury, an instruction which assumes that the defendant was guilty of negligence, proximately causing the injury, by reason of its omission to slow the train when approaching the crossing, or to station a flag-man at that place, without reference as to whether the plaintiff was guilty of negligence, is erroneous.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*R. Percy Wright,* for Appellant.

*Cary & Sullivan,* for Respondent.

FOOTE, C. — This action was to recover damages for injuries alleged to have been suffered by Carraher, the plaintiff, through the negligence and carelessness of the defendant in running a train of cars engaged in hauling sand and rock to fill in a section of the seawall, being then in process of construction on a portion of the water-front of the city of San Francisco. The plaintiff had a verdict of the jury trying the cause awarding him the sum of one thousand dollars. From the judgment thereupon rendered and an order denying a new trial the defendant appeals.

The appellant contends that the verdict is not warranted by the evidence, and that certain of the instructions given by the court to the jury at the instance of the plaintiff are misleading and erroneous. Counsel argue that the evidence shows without conflict that the plaintiff caused his own injury by his inattention to the horse which he was driving, his mismanagement of the animal, and his carelessness in approaching the crossing of the railroad, near to which the injury was inflicted. There is a sharp conflict between that to which the plaintiff swore and some of the evidence given for the defendant, but the jury found for the plaintiff, and we see no reason to reverse their verdict on the evidence. The plaintiff declared that he had driven his horse and cart to the point where he dumped the load of sand and rock which he was hauling, and was on his return to the place from which another load was to be taken; that when he approached very near to the crossing of the railroad of the defendant over the seawall (which lay at the foot of Vallejo Street, and across it along the water-front of the city of San Francisco, if the street were prolonged to and beyond the crossing), the defendant's train of cars coming suddenly

along very close to the head of the plaintiff's horse, frightened the animal, which in his struggles upset the cart in which the plaintiff was riding, threw it and him down the bank of the seawall, and broke his wrists, etc. His further statement is, that there was no flag-man at that point, or any other means of warning to him of the coming of the train; that he heard no bell or whistle, and that he was prevented from seeing the approaching train by reason of the obstruction to his view caused by a coal-house, which stood near the track, and was used by the defendant for holding its supplies of coal for its engines.

The defendant contends that there was no proof that the place where the plaintiff was injured was the same as that alleged in the complaint. It is very evident, from an inspection of the whole record, that the allegations of the complaint on the point are substantially sustained by the plaintiff's testimony. The seawall which the railroad crossed was extended over a space of ground which necessarily lay at the foot of Vallejo Street, if the same had been extended to the said seawall and water-front, was in a direct line with such extension if it had existed, and was only a very short distance from that part of the street used as a public thoroughfare. The crossing was used as a public way for numerous teams hauling material to construct the seawall, and we cannot see how the proof varied in any material degree from the allegations of the pleading.

It is further urged by the appellant that there was an entire want of evidence going to show that the defendant built or maintained the coal-house claimed to have obstructed the plaintiff's viewing the approaching train as he was proceeding to pass the crossing of the track.

The appellant in his brief cites a small part of the answer of the plaintiff to a question propounded to him. The question was, "Do you know who built that coal-house?" The answer in full was: "I don't; but the San

Francisco Bridge Company used it for their purposes. I couldn't tell who built it. When the track was moved the coal-house was moved." All that the defendant saw fit to quote to us of the answer are the words "I don't." The evidence is plain, without conflict, that the defendant did use that coal-house and shifted the track for its purposes, and there was no effort whatever proceeding from any source attempting to show that it did not erect and maintain the coal-house. From all the evidence and the circumstances attending the use of the house, the jury correctly concluded that it was both erected and maintained by the defendant.

. As to the matter of errors alleged to exist in the instructions granted for the plaintiff, it may be said that the words in the first instruction, "It is also claimed that these erections were placed there by the defendant," only informed the jury that the plaintiff claimed that the evidence showed that the obstructions to the view of the plaintiff had been placed there by the defendant, and does not assume that such was the fact; and the evidence tended to show the existence of what was thus claimed to exist. This instruction was therefore not misleading. We do not perceive anything prejudicial to the defendant in any of the other instructions complained of, unless it be the seventh. In our opinion, that portion of it is objectionable which reads as follows: "In such a case, when the view of the track and approaching trains is obstructed by the act of the defendant, it is no excuse for an action of damages to say that a bell was rung or a whistle sounded to warn persons about to cross the track. It was the duty of the employees in charge of the engine not only to have given such notice by bell or whistle, but it was also their duty to have slowed up as it approached the crossing, and seen that all had acted on the notice, and that the track at the crossing was clear; and in order to have been so assured, it was the duty of the defendant to have

stationed a flag-man or watchman at the crossing to warn persons about to cross the track at Vallejo Street of an approaching train." This assumed the province of the jury to determine, from all the facts and circumstances in evidence, whether or not the defendant was guilty of negligence which was the proximate cause of the accident in not using reasonable care in operating its railroad and sand-train, and was a virtual direction to find a verdict for the plaintiff, if they were satisfied that the injuries to the plaintiff would not have been sustained if a flag-man or watchman had been stationed at the crossing, who would have caused the train to slow up; thus establishing the principle that in order to avoid responsibility for such accidents, the defendant must in all cases provide against the consequences of all acts of carelessness on the part of persons in going into peril; and that to do this, and *insure* the person crossing the track against all possible injury, the company must provide every possible precaution, leaving none to be taken by the person in peril. This, we think, is not the law in such cases as this.

We therefore advise that the judgment and order be reversed.

VANCLIEF, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are reversed.

Hearing in Bank denied.