[L. A. No. 5293.   Department One.—April 6, 1920.]

## CHUNG SING, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Appellants.

[1] NEGLIGENCE—"KICKING" OF RAILROAD CAR ACROSS CITY STREET— INJURY TO WAGON DRIVER.—In an action for personal injuries sustained by the driver of a wagon at a city street crossing from being struck by a freight-car, where there was evidence showing

---

1. Negligence of railroad company in respect to flying-switches or detached cars moving by their own momentum, notes, 10 Ann. Cas. 15; Ann. Cas. 1912D, 342; Ann. Cas. 1915B, 608; 18 L. R. A. 63; L. R. A. 1916C, 1033.

that the car had been "kicked" across the street, that is, given a strong push by the locomotive and then uncoupled and allowed to proceed under the impetus so given it, with no one on the car to stop or control it, the jury was justified in concluding that the conduct of defendants was negligent.

[2] ID.—KICKING OF CAR UNCONTROLLED ACROSS STREET—INFERENCE OF NEGLIGENCE.—Kicking a car uncontrolled across a public and traveled street in a large city at least permits a justifiable inference of negligence, if nothing more.

[3] ID.—CONTRIBUTORY NEGLIGENCE—INSUFFICIENCY OF EVIDENCE.—In such action, it cannot be said that the jury was not justified in finding impliedly that plaintiff was not guilty of contributory negligence in attempting to cross ahead of the car, where there was a decided conflict in the evidence as to any warning being given him by defendant and plaintiff directly testified that he approached the crossing slowly and saw the car apparently standing still.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry T. Gage and W. I. Gilbert for Appellants.

Waldo M. York and Harry M. Irwin for Respondent.

OLNEY, J.—This is an appeal from a judgment for the plaintiff for thirteen thousand dollars for personal injuries found to have been suffered by the plaintiff because of the negligence of the appealing defendants. The sole point urged for reversal is that the verdict and consequent judgment for the plaintiff are not supported by the evidence. There are a number of contentions made by the respondent to the point that the verdict and judgment are not open to review in the particular urged by the appellants, but since we are of the opinion that the appellants' contention must in any case be overruled, there is no occasion for considering these contentions of the respondent.

The defendant railroad corporation operates a railroad having tracks on Violet Street, in Los Angeles, crossing Santa Fe Street. The other defendants were members of a switching crew employed by the railroad company. At the time of the accident they were engaged in switching freight-

cars across Santa Fe Street and one of the cars struck the plaintiff, who was coming along the street, and severely injured him. It is evident that the evidence is sufficient to sustain the verdict, unless (a) it fails to show any negligence on the part of the defendants toward the plaintiff contributing to the accident, or (b) shows affirmatively that the plaintiff was himself guilty of contributory negligence.

As to the first point, there was evidence showing that the car which struck the plaintiff had been "kicked" across the street, that is, given a strong push by the locomotive, and then uncoupled and allowed to proceed under the impetus so given it. There was evidence also to show that there was no one on the car to stop or control it. [1] It hardly needs argument to the point that if these were the facts, as the jury was upon the evidence entitled to find them to be, the jury was justified in concluding that the conduct of the defendants was negligent. [2] Kicking a car uncontrolled across a public and traveled street in a large city at least permits a justifiable inference of negligence, if nothing more.

As to the second point, that of contributory negligence, it appears that the accident occurred on an evening in November when it was beginning to get dusk. The train crew already had their lanterns lit. The plaintiff was coming along Santa Fe Street driving a two-horse wagon. The contention of the defendants is that the plaintiff could and should have seen the car coming as he approached the crossing in ample time to stop and that one of the switchmen was protecting the crossing and signaling to traffic to stop. The testimony of the plaintiff is, however, direct that he approached the crossing slowly and saw the car standing still, at least as he supposed, and then suddenly it came at him from across the street. [3] If this be true, and the jury was entitled to believe it, there was no negligence on his part in attempting to cross, unless he disregarded the warning of the switchman. But as to such warning there is a decided conflict, and the jury were entitled to find against the defendants on this point as well. It follows that it cannot be said that the verdict is not sustained by the evidence. Judgment affirmed.

Shaw, J., and Lawlor, J., concurred.