[Civ. No. 3851. First Appellate District, Division One.—September 14, 1921.]

FRANK STEFANICH, Appellant, v. JOHN BARTON PAYNE, as Presidential Agent, etc., Respondent.

[1] NEGLIGENCE—RAILROAD CROSSING—ABSENCE OF FLAGMAN—PROXIMATE CAUSE OF INJURY—CONTRIBUTORY NEGLIGENCE.—A driver of an autotruck, who was familiar with a railroad crossing and knew that cars were being shunted over the tracks and across the crossing at the moment he was endeavoring to cross, was bound to use reasonable care and was not absolved from such duty by the negligence of the railroad company in not having a flagman at such place, as required by a city ordinance, or by the failure to ring the bell or sound the whistle of the engine as required by section 486 of the Civil Code.

[2] APPEAL—CONTRIBUTORY NEGLIGENCE—FINDING—CONFLICT OF EVIDENCE.—A finding of contributory negligence must be sustained on appeal if there is substantial evidence to support it, and this is so even where there is also substantial evidence to contradict it, since a mere conflict is not sufficient to overthrow a finding of the trial court. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harris & Hayhurst for Appellant.

L. L. Cory for Respondent.

WASTE, P. J.—This is an action for damages caused by a freight-car of the defendant running into and damaging an autotruck belonging to the plaintiff. The case was tried by the court without a jury. It found that the accident was caused solely and alone by the contributory negligence and want of care of the driver, of the truck; that he care-

---

1. Conduct of flagman or absence from his post as affecting liability of railroad company for injury at crossing, note, 41 L. R. A. (N. S.) 355.

Care required of driver of automobile at railroad crossing, notes, Ann. Cas. 1913B, 680; Ann. Cas. 1915B, 767; 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702.

lessly and negligently attempted to cross the tracks without looking or listening for approaching cars, which were in plain view, and that if he had looked he would and could have seen the approaching cars in ample time to have stopped the truck and prevented the accident. Judgment was entered in favor of the defendant, from which this appeal is taken.

The facts are not disputed. The accident happened at a point where some sixteen main line and side tracks of the defendant railroad company cross Eldorado Street, in the city of Fresno. By ordinance of the city the railroad was required to keep a flagman at this crossing, but at the time of the accident the flagman was absent from his place of duty. In the evening of the 10th of May, 1919, a loaded autotruck belonging to the plaintiff was driven by one Jack Walton along Eldorado Street, going east. He reached the railroad crossing, noticed the absence of the flagman, but drove slowly across several tracks, looking, as he testified, in all directions. When he had reached and was on or about the sixth track from the west he saw some freight-cars being shunted, or kicked, in a southerly direction along several of the railroad tracks immediately in front of him. On seeing these cars he stopped his truck in order that they might pass. Five other cars had been shunted down the track upon which Walton stopped, by the locomotive, which was some five hundred feet away from and to Walton's left. These cars moved slowly, at the rate of about three or four miles an hour, and bore down directly on the truck. Walton testified that he did not notice their approach until they were within about forty feet of him, when his attention was called to them by a passer-by. When he saw the approaching cars Walton attempted to move his truck from off the track in front of them, but in his hurry and excitement he killed his engine, and, to save himself from injury, leaped from the truck, which was demolished by the collision.

There was no brakeman or other person upon the cars as they neared the place where Walton's truck stood. No bell was rung or whistle sounded to give warning of their approach. A switchman of the defendant had dropped off the train of cars which was being switched for the purpose of protecting the Eldorado Street crossing. He saw Wal-

ton about two hundred feet away and signaled to him and called to him to stop. Walton stopped his autotruck in front of the approaching cars at a point where there was nothing to obstruct his view, and the moving cars were in plain sight. Walton himself said in a statement taken down immediately after the occurrence that if he had looked north along the railroad tracks he would have seen the cars coming and the accident might have been avoided, but that he was watching the cars approaching in front and to his left, and for this reason he kept the truck going, as everything seemed clear ahead of him. At the trial he testified that he must have seen the cars on the track on which the automobile was standing; that the cars were undoubtedly there, and that he evidently saw them, but he did not know, until they were pointed out by the passer-by, that they were moving.

[1] Plaintiff lays great stress upon the fact that the flagman was not at his usual post at the time of the accident. The ordinance of the city required the defendant to keep a flagman at the crossing. None was there, and no explanation or reason was given by the defendant to account for his absence. The failure of the defendant to perform the duty imposed upon it by the ordinance was negligence of itself. But the fact that the usual precautions were omitted, and that the defendant was negligent, does not require a reversal of the judgment if the other circumstances indicate, as a matter of law, that from the most favorable view of the facts the trial court must have concluded that the negligence of the driver, Walton, was the proximate cause of the accident. (*Chrissinger* v. *Southern Pacific Co.*, 169 Cal. 619, 620, [149 Pac. 175].) Walton was familiar with the crossing. He knew the tracks were there, and that cars were being shunted over the network of tracks and across Eldorado Street at that particular moment. He was, therefore, bound to use reasonable care and was not absolved from such care by the negligence of the defendant in not having the flagman in his place at that moment. (*Davis* v. *California Street Cable Co.*, 105 Cal. 131, 138, [38 Pac. 647].)

The plaintiff places some reliance on the alleged violation by the defendant of section 486 of the Civil Code, which provides that the bell of a locomotive must be rung, or its

whistle sounded (except in cities), at a distance of at least eighty rods from the place where the railroad crosses any street, and be kept ringing, or sounding, until the locomotive has crossed the same. But in such cases, as in the matter of the violation of the city ordinance, the situation is governed by the principles of law we have just stated.

Whether it was negligence or not for the servants of the railroad company to shunt the cars over the various tracks at the crossing of Eldorado Street in the manner in which they did was a question of fact for the court to determine, sitting as it did without a jury. (*Dunne* v. *Hines*, 50 Cal. App. 345, [195 Pac. 276] ; *Carraher* v. *San Francisco Bridge Co.*, 81 Cal. 98, 102, [22 Pac. 480].) The attending circumstances in *Chung Sing* v. *Southern Pac. Co.*, 182 Cal. 609, [189 Pac. 281], render the holding in that case on that point inapplicable here.

The question of contributory negligence of the driver Walton was properly submitted to the trial court. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, [116 Pac. 513].) With all the facts and circumstances before it, and with the near-by scene of the accident placed clearly in its view, it has determined that Walton was guilty of contributory negligence which proximately caused the accident. The case is not one in which that conclusion may be rejected by the appellate court.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1921, and the following opinion then rendered thereon:

THE COURT.—In the statement in the opinion of the district court of appeal that "the fact that the usual precautions were omitted, and that the defendant was negligent, does not require a reversal of the judgment if the other circumstances indicate, as a matter of law, that from the most favorable view of the facts the trial court must have concluded that the negligence of the driver,

Walton, was the proximate cause of the accident," the phrase "as a matter of law" should have been omitted. It implies that a finding of contributory negligence must be sustained on appeal unless the facts proven establish such negligence beyond controversy and "as a matter of law." [2] The true rule is that such finding must be sustained if there is substantial evidence to support it, and that is so, even where there is also substantial evidence to contradict it; a mere conflict of evidence not being sufficient on appeal to overthrow a finding of the court. This appears from other passages in the opinion and the insertion of the above-quoted phrase at that place was doubtless an inadvertence.

The petition for a rehearing in this court is denied.

All the Justices concurred.